1    **COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983**

2    Name _WARREN_        _Edgar_            _Lee_

3         (Last)                    (First)                 (Initial)

4    Prisoner Number _Edgar Lee, WaRReN_

5    Institutional Address _35 county center DR. Oroville, ca 95965_

6    ==================================================================

7                    **UNITED STATES DISTRICT COURT**
                    **NORTHERN DISTRICT OF CALIFORNIA**

8

9    _Edgar Lee WaRReN_                    )
     (Enter the full name of plaintiff in this action.)  )

10                    vs.                   )    **CV  08      2859**
                                            )    Case No.

11   _Butte county Jail,_                  )    (To be provided by the Clerk of Court)
                                            )
12   _Doctors AND medical_                 )    **COMPLAINT UNDER THE**
                                            )    **CIVIL RIGHTS ACT,**
13   _STAFF_                               )    **Title 42 U.S.C § 1983**
                                            )
14   _____              )
                                            )
15   (Enter the full name of the defendant(s) in this action)  )

16   *[All questions on this complaint form must be answered in order for your action to proceed..]*

17   I.    Exhaustion of Administrative Remedies.

18         [**Note:** You must exhaust your administrative remedies before your claim can go

19         forward.  The court will dismiss any unexhausted claims.]

20         A.    Place of present confinement _Butte county Jail.caliFoRNia_

21         B.    Is there a grievance procedure in this institution?

22                    YES ( )        NO (X)

23         C.    Did you present the facts in your complaint for review through the grievance

24               procedure?

25                    YES ( )        NO (X)

26         D.    If your answer is YES, list the appeal number and the date and result of the

27               appeal at each level of review.  If you did not pursue a certain level of appeal,

28               explain why.

COMPLAINT                          - 1 -

1. Informal appeal _NON-C_

2. First formal level _NON-C_ - INMATE REQUEST FORM

3. Second formal level Nimate REQUEST FORM

4. Third formal level _NONE_

E.  Is the last level to which you appealed the highest level of appeal available to
you?

          YES ( )      NO (X)

F.  If you did not present your claim for review through the grievance procedure,
explain why. FOR state not go by The Law on
This case and state and Federal Laws see
complaints here and see Documents and Exhibits
on The back of The complaints here and so on.

II.  Parties.

A.  Write your name and your present address. Do the same for additional plaintiffs,
if any.

Butte County Jail Medical Staff Doctors, 35
County Center DR. Oroville, ca 95965 #
Edgar Lee Warren, 35 county center DR Oroville, ca 95965

B.  Write the full name of each defendant, his or her official position, and his or her
place of employment.

Butte County Jail Medical Staff Doctor's

COMPLAINT                            - 2 -

1  Don't have all The Room so see The
2  complaint's Is with This complaint.
3
4

5  III.    Statement of Claim.

6          State here as briefly as possible the facts of your case. Be sure to describe how each

7  defendant is involved and to include dates, when possible. Do not give any legal arguments or

8  cite any cases or statutes. If you have more than one claim, each claim should be set forth in a

9  separate numbered paragraph.

10  Don't have all The Room so see The
11  complaint's in with This complaint
12
13
14
15
16
17
18
19
20
21
22

23  IV.    Relief.

24          Your complaint cannot go forward unless you request specific relief. State briefly exactly

25  what you want the court to do for you. Make no legal arguments; cite no cases or statutes.

26  WARREN is asking The Federal court To HPPINtMENt COUNSEL

27  on This Lawsuit on issues that in This complaint and To Put

28  WARREN Lawsuit through The Federal court there and if The
court can help WARREN get out OF JaiL and so oN and so oN.

COMPLAINT                    - 3 -

1  see all DOCUMENT's and EXHibit's oN The back of

2  This COMPLAINT UNDER The CIVIL RIGHTs ACT,

3  iF all The issues here can not go in This COMPLAINT Then

4  This go with The stoFF INFECtION on The Butte COUNty Jail
   Doctor's AND MEDICAL will soon till see ///.

5  I declare under penalty of perjury that the foregoing is true and correct.

6

7  Signed this 19 day of may , 20 2008

8

9  Edgar Lee Warren

10  (Plaintiff's signature)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT                    - 4 -

COMPLaints and warren got -2 A citRageia
soaP FOR Three-8-month warren been in Jail
and that soaP was sauing time of 90

1  MR. DANe cameron                    MR. Jesus Rodriguez

2  miss stePHANI Femino              attorney at Law

3  attorneys at Law                  Phone number,

4  Phone number                      (530) 342-2044

5  (530) 893-0676                    75 DECLARATION DR., sto 15,

6  Law Offices of                    CHICO, ca 95973

7  MR. DHNe calicron

8  341 Flume st.                     I am A Inmate WRite

9  Chico, ca 95928                   This complaint FOR

10                                   him MR. WARRen

11  Edgar Lee Warren

12  Inmate ID:137286                 WILFRederick H. McNeill

13  35 county center DR.             Attorney at Lawsuit

14  oroville, ca 95965               Phone number (310) 497-2124

15                                   2011 ARlington AV

16                                   Los Angeles, ca 90018

17  united states District Judges of u.s. District
18  court Northern District of California however
19  Edgar Lee Warren want Federal court to know
20  when The time is Right warren is going to
21  have his Lawsuit Put back in this Federal
22  court on issues that Warren got staff
23  INEFection From Butte county Jail and Warren
24  was denied Neutrogenia soap For staff
25  INFFection by medical helcer in Butte county
26  Jail and on The issues of Butte county
27  Jail sergeant Brownfield and sergeant cooley
28

1  and some of classification Prejudice
2  Against warren and they stop warren
3  Attorneys Visit however all of warren Legal mail
4  that was send to This Judge Hermanutcn
5  Are HNY Judges and to my Attorneys hir.
6  Jusus Rodriquez and mr. Frderick H. mcneill
7  and miss. stephant Fanillo did not Receive
8  Them and warren mail To his Family To miss
9  RUBY and mr. curtis and miss. Brenda and
10 worllen inmates here Butte county Jail and
11 To miss. Diana The mail send To Them was
12 not send out and ANY mail they send me
13 is not give To warren This is The issues
14 warren will have North crn District
15 Federal court that Butte county Jail
16 sorgeant Brounweicll and sergeant cooley
17 and some of classification Violated
18 Federal Law of united state Federal
19 Legal mail and mail. by The way now
20 Butte county Jail dont lot warren got
21 ANY Visit From Know one. however
22 Butte county Jail got The Phone Did
23 some way where Warren can not call
24 HNY one. Warren going To have A
25 complaint UNDer The civil Rights Hct,
26 Title 42 U.S.C. §1983# Thank you For your
27 time and so on and so on
28

1. Edgar Lee Warren can not Read Are Write But copy
2. Some Letter Are Document's Are complaints
3. Some time however Edgar Lee Warren is With
4. The Regional center IN BakeRSFeild oF
5. caliFoRNia FOR The mentally Retarded and
6. mental PRolems Is FOR Warren they have
7. his File there, and FOR Warren sevice
8. coordinator worker Phone number(661)327-8531#
9. BakerSFeild, california. however NORtHERN
10. Regional center IN chico, caliFoRNia. Phone
11. number(530)895-8633# Warren is doing what
12. He can To have The BakerSFeild oF ca.
13. Regional center To Fax Warren File To
14. The Regional center in chico, ca. all so FoR
15. help with This Lawsuit and This case.
16. Edgar Lee Warren, I.D. number-1241382#
17. Edgar Lee Warren soccial security caRd
18. number-559-047038# Attorney FOR
19. Edgar Lee Warren. SSI lieaking with The
20. Judge on January-1-2008# 835 Wilshire
21. BLLce Suite 618# Los Hugeles, ca
22. Phone number                    #90017-2603.
23. (1800) 435-3457# Ext 721#
24. MR. Edgar Lee Warren Attorney IN L.A.
25. MR. ERderick A. mcNeill have that same
26. File Regional center FoR The mentally
27. Retarded and mental PRoblems FoR
28. Edgar Lee Warren however mr. mcNeill

1  have A Lawsuit in on The Los Angeles
2  county Jail medical FOR Edgar Lee WARREN
3  get staFF INFFection thicree in The Los
4  ANgeLes county Jail But MR.WARREN Don't
5  Know what court that his Httorney MR.
6  mcneill got his Lawsuit in however WARREN
7  need The Federal court help OF have A
8  Httorney FOR PlaintiFFs, Edgar Lee WARREN
9  FOR This Lawsuit. Edgar Lee WARREN IS have
10 This Lawsuit Put in on Butte county Jail Top
11 medical staFF Doctor's because WARREN got
12 staFF INFFection FROM Butte county Jail
13 and Then Butte county Jail medical will not
14 give WARREN The Right Poisons FOR The
15 staFF INFFection however WARREN been
16 asking Butte county Jail medical Doctor's
17 FOR The Neutrogena soap FOR The
18 staFF INFFection and WARREN was only
19 give-2-Neutrogena soap all The time
20 WARREN been in Butte county Jail and
21 WARREN been in Butte county Jail -9-
22 month-and July-23-2007# is when
23 WARREN was Put in Butte county Jail
24 however WARREN have been denied
25 medical assistance on This issues
26 so there FOR The issues will be Put be
27 FOR The united states District Judge
28 in The NORTHERN District OF caliFORNia

1  To Edgar Lee WARREN however The Top
2  medical staff Doctor's Will not give
3  Edgar Lee WARREN medical assistance on
4  staff INFFection that WARREN got all
5  over him however Top medical staff
6  Doctor's doing what they can To not give
7  WARREN The Right Peison's FOR staff
8  INFFection that WARREN got here in
9  Butt County Jail however The Law suit
10  WARREN attorney put in The Los Angeles
11  county Jail medical about The staff
12  INFFection Warren got there however
13  When WARREN got out of Jail in August-2006
14  -77-Police Department in Los Angeles
15  doing what they can To have To Los
16  Angeles gangbangers To take Edgar Lee
17  WARREN life however Warren came up
18  here To chico, caliFORNia. To see some
19  Family here so there FOR WARREN
20  Is in Jail here in Butte county Jail FOR
21  A case Butt about -4- HRC -5- Months of
22  go some oFFicer's here in The hold
23  IN-B-Pod where WARREN Is at ANY
24  Way at The time WARREN Was in
25  cell -75- and cell -74- had -2-
26  gangbangers in it Then The officer's
27  let Them out of they cell FOR The
28  gangbangers can take WARREN life

1  Federal court complaint under the civil
2  Rights Act, Title 42 U.S.C. § 1983#
3  Top Medical Staff Doctor's and Nurses
4  Is been doing what they can to give Pills
5  Poison's To Edgar Lee Warren however The
6  Top medical staff doctor's will not
7  give Edgar Lee Warren medical
8  assistance on staff Infection that
9  Warren get all over him however Top
10  medical staff doctor's doing what they
11  they can To not give Warren The Right
12  Poison's For The staff Infection
13  that Warren got More In Butte county
14  Jail however When Warren was In
15  Los Angeles county Jail back In
16  2004# up To August 2006# Warren
17  had got staff Infection in that Jail
18  To in Los Angeles county Jail officer's
19  Deliberately Put Warren in-3200-with
20  all The gangbangers For they can take
21  Warren life because original Konsyl
22  Naturl Fiber supplement Bulk-Forming in A
23  Powder Package however Any time This
24  old Nurse is work she will not give Warren
25  What The Doctor said He order For Warren
26  however Warren Some To Know that Top
27  Medical staff doctor's and Some Nurses
28  Is been doing what they can To give Pills

1  however some higher up want Edgar
2  Lee Warren Dead however need A
3  Investigation and let The Federal
4  in on This case and sergeant Brownfield
5  and sergeant Cooley have other's
6  officer's to do they Derty Work For
7  Them here in Butte County Jail oroville,
8  ca. because they Are Predjudice
9  Against black Inmate's and Edgar Lee
10 Warren and if you ask Them about it
11 they Act like they Don't know What
12 going on however This is some issues
13 that need To be look into. so there
14 For Butte county Jail Don't go by The Laws
15 Are constitutional of The united states
16 Are Federal Law. Butte County Jail and
17 Butte County Court's House got they on Law
18 Book's here however Mr. Warren is in Butte
19 County Jail For A case Warren Did not
20 have Any thing To do with Butte county
21 Jail and The court house Know that To
22 But they want Feel Mr. Warren out of Jail
23 so there For see Mr. Warren Cousin
24 Brenda Sue Beck Letter Exhibit - 1 -
25 with is A - 4 - Pages Letter - 5 - all
26 together however Mr. Warren think
27 that This got something To do With
28 his Lawsuit in on The Los Angeles

1. BakersFeild of California Regional Center Service
2. coordinator Worker there Phone number(661)327-8531#
3. To Fax Edgar Lee Warren File To chico, California
4. Regional center Phone number(530)895-8633#
5. however ask The chico, ca-Regional center To
6. come To Butte county courthouse one court
7. street OROVILLE, ca 95965-3303# with Edgar
8. Lee Warren File To This Judge Hermanen To
9. see what they can do about got Warren out
10. of Jail bell The chico, California Regional center
11. To come and see Edgar Lee Warren at Butte
12. county Jail as soon as they can ok.(530)
13. 532-7002# Butte county courthouse Phone
14. number#
15. Edgar Lee Warren
16. FOR BakersFeild of California Regional center
17. To Fax Edgar Lee Warren File To The chico,
18. California Regional center FOR they can help
19. The Attorney on The Lawsuit To and mr.warren.
20. mr.warren Is asking The Federal court To
21. appointment counsel mr.Respeotfully
22. submitted Attorney on This Lawsuit mr.warren
23. might be send To NAPA State Hospital by The
24. court so there FOR Warren want The Federal
25. To know What going on and FOR The know where
26. mr.warren is at and so on and so on.
27. Butte county Jail sergeants and offices and Doctors
28. medical staff been work Together Against Edgar Lee Warren.

1  COUNTY Jail Medical however MR. WARREN
2  had give miss. BECK Letter To his Attorney
3  MR. Jesus Rodriguez But He say The
4  D.A. and The Judge want WARREN To be
5  send H Way To do source time and see
6  all Exhibit's and DocumeNts here however
7  MR. WARREN send his Attorney MR. Frederick
8  H. McNeill about 25-Legal mail and Legal
9  Mail that WARREN got From NORthERN
10 District court To and WARREN think that
11 his counsel MR. McNeill have not Receive
12 Them and Butte County Jail got new
13 Photos Put in-B Pod and The Phone's Did
14 in some Way Where WARREN can Not
15 call HNY one however MR. WARREN is asking
16 The Federal court To call MR. Frederick H. McNeill
17 on The Phone and mail To see will MR. McNeill will
18 take This case To and send MR. McNeill A copy all that
19 We have here But IF not Then MR. WARREN
20 Is asking The Fedeal court To give MR. WARREN
21 A attorneys on This case however Edgar Lee Warren
22 want To Thank you united states District Judges
23 For your time. I declare under Penalty of
24 PerJury that The Foregoing is true and correct.
25 Edgar Lee Warren is - 51 - Year old black man oF. U.S.
26 signed This _____ day oF _____ 2D
27 Edgar Lee Warren
28 (Plaintiff's signature)
   MR. WARREN is asking The Federal court To put.
   MR. Respectfully submitted Attoney on This
   Lawsuit and case.

1  Edgar Lee Warren had caught staff Inffection about
2  -7-Are-8-time in Butte county Jail in-B-Pod and
3  -A-Pod however Warrey was not give The Right
4  Poison's For The Staff Inffection by Butte county
5  Jail Doctor's and medical staff here however
6  The Doctor's medical staff and Nurses been
7  doing what they can To give Warren some Pills
8  Poison and so on however my Court attorney
9  mr. Jesus A. Rodriguez and The attorney Warren
10  Did had as Compel Leo H. Battee and Compel
11  Dennis R. Hoptowit that came in on Warren
12  case From time To time For mr. Rodriguez
13  they is Euble Agent D.A. attorney some of
14  The Judges To see they Don't Want Warren
15  To come out of liF and they want Warren in
16  Napa State Hospital on some Poison's and I
17  hope they Dont give Warren some Pills
18  Poison's But iF Warren can not go home To
19  his Family Then that where want To be
20  however Warren Know that This some
21  To do with, This Lawsuit Los Angeles
22  county Jail Doctor's medical staff so
23  when The Federal Court Read see The
24  complaint and Documents and Exhibit's
25  Then You know what going on With This case
26  and Warren as A Prison Inmates here is give
27  little Food and Butte county Jail have been
28  starve Warren and all The men Inmate's and

1. Women Inmates Is starve For More Food
2. and The Law offices of MR. DHNE camcRON
3. have not Did ANY thing about. The complaint's
4. here Butte county Jail there For The Inmtes
5. here hope that The Federal court Will
6. send A AttorNex here To Butte county Jail
7. because they Don't Know ANY thing about The
8. Law ARe some of Them can not Read ARe
9. WRIte and so on MR.WaRReN Is put This
10. complaint IN on The issues that WaRReN
11. have been denied by The Doctor's and Top
12. medical staff here at Butte county Jail
13. For medical assistance of WaRReN have A
14. MRI ON hIs heart however WaRReN heart is
15. not good and WaRReN ask For A MRI on
16. heart over and over For about – 9 – month
17. now and WaRReN Put in sick slip about
18. This issues and WaRReN complaint To The
19. Law offices of MR. DHNe camcRON and
20. miss. stePHaNE FemiNo Butte county Jail
21. Doctor's and Top medical staff have not
22. Did ANY thing on This issues however all The
23. medical File in Butte county Jail and The Law
24. offices of MR. DHNe camcRON and miss.
25. stePHaNE FemiNo have copy's of The complaint's
26. about The MRI ON WaRReN heart and all so MR.
27. camcRON and miss. FemiNo have complaint's
28. WaRReN had send To Them about The staff

1   INFFection WARREN got FROM Butte county
2   Jail To and so on and so on however
3   back To issues will/WARRN This get one
4   hot meal here at Butte county Jail and at
5   DINNER til we WARREN This get-2-bolognas
6   sandwich and little things go with it But by
7   Federal Law and state Law of constitutional
8   of United states all county Jail of california
9   should give more Food and -2- hot meal.
10  should be here at Butte county Jail and
11  all count Jail PRison's To all The Inmate's
12  here at Butte county Jail men and women
13  is witnesses on This issues and so on
14  and so on, Thank You For Your time.
15
16  LEO H. BATTE
17  attoRNey at Law
18  Phone number(530)872-6349
19  722 FIR StREEt
20  PHRHDISE, CA 95969
21
22  DENNIS R. HOPtowIt
23  attoRNey at Law
24  Phone number(530)893-0624
25  261 EHST THIRD StREEt.
26  CHICO, CA 95926
27
28

# BUTTE COUNTY SHERIFF'S OFFICE
## CORRECTIONS DIVISION     *Exhibit*
### INMATE REQUEST FORM

| INMATE'S NAME: (Last/First) WARREN Edgar | IID #: 137886 | HOUSING: 13-66 | DATE: 5-20-08 |
|---|---|---|---|

**REQUEST:**

| | |
|---|---|
| ☐ INFORMATION* | ☐ HOLDS/WARRANTS |
| ☐ GRIEVANCE FORM | ☐ 1381 PC FORM |
| ☐ WRIT OF HABES CORPUS | ☐ UNSCHEDULED TELEPHONE USE* |
| ☐ RELEASE DATE | ☐ INMATE ACCOUNT BALANCE |
| ☐ SHERIFF'S PAROLE APPLICATION | ☐ COURT DATE |
| ☐ ELECTRONIC SURVEILLANCE PROGRAM | ☐ PASS* |
| ☐ WORK/SCHOOL FURLOUGH | ☒ OTHER* To clic |
| ☐ SHERIFF'S WORK ALTERNATIVE PROGRAM | |

*DESCRIBE IN INFORMATION SECTION

**INFORMATION:**

MR. WARREN is send This FORM To clic asking To be call over To clic soon FOR To look up cases Law and For Legal copy however Thank You FOR YOUR times and so on and so on. and warren been Put his name on The clic FORM.

**INMATE'S SIGNATURE:** Edgar Lee Warren

**RECEIVED BY: HOUSING OFFICER'S INITIALS:**

**RESPONSE:**

**OFFICER'S NAME:**

**RECEIVED BY: INMATE'S SIGNATURE:**

DISTRIBUTION: White-Inmate File, Pink-Inmate                    J-111 7/99

# BUTTE COUNTY SHERIFF'S OFFICE
## CORRECTIONS DIVISION
### INMATE REQUEST FORM

*Exhibit*

| INMATE'S NAME: (Last/First) WARREN Edgar L37286 | IID #: | HOUSING: B-6G | DATE: 5-22-08 |
|---|---|---|---|

**REQUEST:**

| | | | |
|---|---|---|---|
| ☐ INFORMATION* | | ☐ HOLDS/WARRANTS | |
| ☐ GRIEVANCE FORM | | ☐ 1381 PC FORM | |
| ☐ WRIT OF HABES CORPUS | | ☐ UNSCHEDULED TELEPHONE USE* | |
| ☐ RELEASE DATE | | ☐ INMATE ACCOUNT BALANCE | |
| ☐ SHERIFF'S PAROLE APPLICATION | | ☐ COURT DATE | |
| ☐ ELECTRONIC SURVEILLANCE PROGRAM | | ☐ PASS* | |
| ☐ WORK/SCHOOL FURLOUGH | | ☒ OTHER* To Clic | |
| ☐ SHERIFF'S WORK ALTERNATIVE PROGRAM | | | |

*DESCRIBE IN INFORMATION SECTION

**INFORMATION:**

mr. WARREN is send This complaint To clic to let You Know that WARREN had send A complaint Letter To The Federal Court +let The Federal court Know) that WARREN can not get The Legal copy's oF What The court ask For and that mr. WARREN had Put his name on The clic FORM over and over send in INmate REQUEST FORM on This issues For Legal work and To look up case Law's and so on and so on Thank You For Your time

**INMATE'S SIGNATURE:** *Edgar Lee Warren*

**RECEIVED BY: HOUSING OFFICER'S INITIALS:** DM

**RESPONSE:**

**OFFICER'S NAME:**

**RECEIVED BY: INMATE'S SIGNATURE:**

DISTRIBUTION: White-Inmate File, Pink-Inmate                    J-111 7/99

# BUTTE COUNTY SHERIFF'S OFFICE *Exhibit*
## CORRECTIONS DIVISION
### INMATE REQUEST FORM

| INMATE'S NAME: (Last/First) WARREN Edgar | IID #: 137286 | HOUSING: B-66 | DATE: 5-8-2008 |
|---|---|---|---|

**REQUEST:**

| | | | |
|---|---|---|---|
| ☐ INFORMATION* | | ☐ HOLDS/WARRANTS | |
| ☐ GRIEVANCE FORM | | ☐ 1381 PC FORM | |
| ☐ WRIT OF HABES CORPUS | | ☐ UNSCHEDULED TELEPHONE USE* | |
| ☐ RELEASE DATE | | ☐ INMATE ACCOUNT BALANCE | |
| ☐ SHERIFF'S PAROLE APPLICATION | | ☐ COURT DATE | |
| ☐ ELECTRONIC SURVEILLANCE PROGRAM | | ☐ PASS* | |
| ☐ WORK/SCHOOL FURLOUGH | | ☒ OTHER* To Pot MEDICAL | |
| ☐ SHERIFF'S WORK ALTERNATIVE PROGRAM | | STaFF DoCtoRs | |
| | | *DESCRIBE IN INFORMATION SECTION | |

**INFORMATION:**

WARREN asking Top MEDICAL STaFF To WORKe some thing
out with miss FEMINO my Attorney To get WARREN Some more
neutragena soap But I Dont have ANY more at This time
so I need 5 neutragena soap and WARREN IS going To be here
FoR some time so time FoR call WARREN Family and miss
FEMINO - Phone number (530)893-0676# RUBY Phone number
(530)894-6276# and cousin CHRIS Phone number (530)
895-0186#(530)518-8916# have Them To give The money
To miss. FEMINO FoR The neutragena soap and When
it ON Butte COUNTY MEDICAL to do This look into it all OF county
Jail MEDICAL in The state OF Pay FoR StaFF INFFECTION
FoR men and Women INmtes IN JaiL ANY other MEDICAL issue
and Los Angeles county Jail MEDICAL FoR neutragena soap
FoR staFF INFFECTION FoR The men and Women so there
FoR Butte county Jail MEDICAL give WARREN The
neutragena soap by State OF CaliFORNia Law and WARREN
been Wait-8-MONTH now FoR that so asking This issues
be look INto and WARREN got-2-neutragena soap FoR
The-8-MONTH WARREN been in Jail and that soap Was
some time OF go and so ON and so ON Thank yOu FoR
yOuR time

**INMATE'S SIGNATURE:** Edgar Lee Warren

**RECEIVED BY: HOUSING OFFICER'S INITIALS:** N M

**RESPONSE:**

**OFFICER'S NAME:**

**RECEIVED BY: INMATE'S SIGNATURE:**

J-111 7/99

# BUTTE COUNTY SHERIFF'S OFFICE
## CORRECTIONS DIVISION
### INMATE REQUEST FORM

EXhibit

| INMATE'S NAME: (Last/First) WARREN EdgaR | IID #: 137286 | HOUSING: B-66 | DATE: 5-6-2008 |
|---|---|---|---|

**REQUEST:**

| | |
|---|---|
| ☐ INFORMATION* | ☐ HOLDS/WARRANTS |
| ☐ GRIEVANCE FORM | ☐ 1381 PC FORM |
| ☐ WRIT OF HABES CORPUS | ☐ UNSCHEDULED TELEPHONE USE* |
| ☐ RELEASE DATE | ☐ INMATE ACCOUNT BALANCE |
| ☐ SHERIFF'S PAROLE APPLICATION | ☐ COURT DATE |
| ☐ ELECTRONIC SURVEILLANCE PROGRAM | ☐ PASS* |
| ☐ WORK/SCHOOL FURLOUGH | ☒ OTHER* To Pot MeD:cal |
| ☐ SHERIFF'S WORK ALTERNATIVE PROGRAM | StaFF DoctoRs |
| | *DESCRIBE IN INFORMATION SECTION |

**INFORMATION:**

WARREN asKing Top meD:cal StaFF To WoRke Some thing out With miss FemiNo my AttoRNey To Get WARREN Some moRe neutRageNa Soap But I DoN't have ANy moRe at This time So I neeD-E- neutRageN9 Soap and WARREN is going To be heRe FoR Some time So time FoR Call WARREN Family and miss FemiNo - Phone number(530)893-0676# AuNt RUBy Phone number(530)894-6276# and CousIN CuRtis Phone number (530)895-0186#(530)518-8916# have Them To give The money To Miss FemiNo FoR The neutRageNa soap and when It on Butte CouNty meD:cal to do This look into it all OF CouNty Jail meD:cal in The State oF Pay FoR StaFF INFFectIoN FoR men and WomeN INmAtes IN JaIL ANy otheR meD:cal issues and Los AngeLes CouNty Jail meD:cal FoR neutRageN9 Soap FoR StaFF INFFectiON FoR The men and WomeN So theRe FoR Butte CouNty JaIL meD:cal give WARReN The neutRageN9 Soap by State oF caiFoRNia Law and WARReN been Wait-8-MoNth now FoR that So asKing This issues be looKiINto and So oN and So oN. ThanK you FoR youR time

| INMATE'S SIGNATURE: Edgar Lee WarReN |
|---|
| RECEIVED BY: HOUSING OFFICER'S INITIALS: BM JD |

**RESPONSE:**

| |
|---|
| |
| |
| |
| |

| OFFICER'S NAME: |
|---|
| RECEIVED BY: INMATE'S SIGNATURE: |

J-111 7/99

# BUTTE COUNTY SHERIFF'S OFFICE
## CORRECTIONS DIVISION

*Exhibit*

### INMATE REQUEST FORM

| INMATE'S NAME:<br>(Last/First) WARREN Edgdrew Lee Bob E | IID #: BEB218 F | HOUSING: B-66 | DATE: 5-12-2008 |
|---|---|---|---|

| REQUEST: | |
|---|---|
| ☐ INFORMATION*  *Visit* | ☐ HOLDS/WARRANTS |
| ☐ GRIEVANCE FORM | ☐ 1381 PC FORM |
| ☐ WRIT OF HABES CORPUS | ☐ UNSCHEDULED TELEPHONE USE* |
| ☐ RELEASE DATE | ☐ INMATE ACCOUNT BALANCE |
| ☐ SHERIFF'S PAROLE APPLICATION | ☐ COURT DATE |
| ☐ ELECTRONIC SURVEILLANCE PROGRAM | ☐ PASS* |
| ☐ WORK/SCHOOL FURLOUGH | ☒ OTHER* To Top medical |
| ☐ SHERIFF'S WORK ALTERNATIVE PROGRAM | staff Doctor |
| | *DESCRIBE IN INFORMATION SECTION |

**INFORMATION:**

WARREN asking TOP medical staFF To WORK some thing
out with miss Femino my ATTORNEY To got WARREN some more
neutragena soap Butt I Dont have ANY more at This time
so I need -E- neutragena soap and WARREN Es going To be here
FoR some time so time FoR call WARREN Family and miss
Femino-Phone number (530)893-0676# RUBY Phone number
(530)894-6276# and cousIN curis Phone number (530)
895-0186 #(530)518-8916# have Them To gEve The money
To miss Femino FoR The neutRagena soap and when
It on Butte county JaIL To do This look into it all of county
JaIL medical in The state of PaY FoR staFF INFFECtion
FoR men and Women Inmates IN JaIL ANY otheR medical
issues and Los Angeles county JaIL medical FoR
neutRagena soap FoR staFF INFFECtion FoR The men and
Women so there FoR Butte county JaIL medical gIveR
WARREN The neutragena soap by State of califoRNIa Laws
and WARREN been WaIt-8-month now FoR that so asking
This issues need To be look INto and WARREN got ONLY
-2-neutRagena soap FoR The -9-month WARREN been
IN JaIL and that soap Was some time of go and soon
and so oN ThanK You FoR YouR time.

**INMATE'S SIGNATURE:** Edgar Lee Warren

**RECEIVED BY: HOUSING OFFICER'S INITIALS:** MSW

**RESPONSE:**

**OFFICER'S NAME:**

**RECEIVED BY: INMATE'S SIGNATURE:**

# BUTTE COUNTY SHERIFF'S OFFICE
## CORRECTIONS DIVISION

*Exhibit*

### INMATE REQUEST FORM

| INMATE'S NAME: (Last/First) WARREN Edgar 137286 | IID #: | HOUSING: B-66 | DATE: 5-13-2008 |
|---|---|---|---|

**REQUEST:**

- [ ] INFORMATION*
- [ ] GRIEVANCE FORM
- [ ] WRIT OF HABES CORPUS
- [ ] RELEASE DATE
- [ ] SHERIFF'S PAROLE APPLICATION
- [ ] ELECTRONIC SURVEILLANCE PROGRAM
- [ ] WORK/SCHOOL FURLOUGH
- [ ] SHERIFF'S WORK ALTERNATIVE PROGRAM

- [ ] HOLDS/WARRANTS
- [ ] 1381 PC FORM
- [ ] UNSCHEDULED TELEPHONE USE*
- [ ] INMATE ACCOUNT BALANCE
- [ ] COURT DATE
- [ ] PASS*
- [X] OTHER* Top MeDical Staff Doctors

*DESCRIBE IN INFORMATION SECTION

**INFORMATION:**

Edgar Lee WARREN Is have This Lawsuit Put in on Butte county Jail Top medical Staff DOCTORS because WARREN got Staff INFFECtion FROM Butte County Jail and Then Butte county Jail medical will not give WARREN The Right Poisons FOR The Staff INFFECtion however WARREN been asking Butte county Jail medical DOCtors FOR The Neutrogena soap FOR The Staff INFFECtion and WARREN was ONLY give -2-Neutrogena soap all The time WARREN been in Butte county Jail and WARREN been in Butte county Jail -9-Month and July 23-2008 # is When WARREN was Put in Butte county Jail however WARREN have been denied medical assistance on This issues so there FOR

**INMATE'S SIGNATURE:** Edgar Lee Warren

**RESPONSE:**
The issues will be Put FOR The United states District Judge in The NORthERN District of california Federal court complaint UNDER The civil Rights Act, Title 42 U.S.C. § 198.3 # Thank you FOR youR time and so on and so on

**OFFICER'S NAME:**

**RECEIVED BY: INMATE'S SIGNATURE:**

# BUTTE COUNTY SHERIFF'S OFFICE  EXHibit
## CORRECTIONS DIVISION
### INMATE REQUEST FORM

| INMATE'S NAME: (Last/First) WARREN Edgar | IID #: 137286 | HOUSING: B-66 | DATE: 5-16-2008 |
|---|---|---|---|

**REQUEST:**

| | |
|---|---|
| ☐ INFORMATION* | ☐ HOLDS/WARRANTS |
| ☐ GRIEVANCE FORM | ☐ 1381 PC FORM |
| ☐ WRIT OF HABES CORPUS | ☐ UNSCHEDULED TELEPHONE USE* |
| ☐ RELEASE DATE | ☐ INMATE ACCOUNT BALANCE |
| ☐ SHERIFF'S PAROLE APPLICATION | ☐ COURT DATE |
| ☐ ELECTRONIC SURVEILLANCE PROGRAM | ☐ PASS* |
| ☐ WORK/SCHOOL FURLOUGH | ☒ OTHER* TOP MEDICAL STAFF DOCTORS |
| ☐ SHERIFF'S WORK ALTERNATIVE PROGRAM | *DESCRIBE IN INFORMATION SECTION |

**INFORMATION:**

Edgar Lee WARREN had Put in FOR SICK SLIP over and over
-9-MONTH about staFF INFFection and MR.WARREN had Put in
FOR SICK SLIP over and over FOR -9-MONTH FOR NeutRogena
soap FOR The staFF INFFection ONLY give -2-Netrogena soap
FOR that time however MR.WARREN was Put in Butte county
Jail July-23-2007# up to The day DAte-5-2008# and one
oF INmate Request FORM about This issue WARREN got The
DATe not Right But The DAte 5-13-08# on that FORM WARREN
got JULY-23-08# when WARREN came To Jail that not Right
it JULY23-2007# however back To The issues The medical
staFF Doctors Did not give WARREN The Right PoisoNs FoR
The staFF INFFection all This time however WARREN got
This staFF INFFection FROM Butte county Jail and Then

**INMATE'S SIGNATURE:** Edgar Lee WARREN

**RECEIVED BY: HOUSING OFFICER'S INITIALS:** SB

**RESPONSE:**

WARREN had complaints send To The Law oFFices oF MR.
DIANe camERon and miss. stePHANe Femino and Don't know
how ANY got through to Them But they got some oF
complaints and documents on This issues all that been Put in here
and mr.camelcon miss Femino got Phone call From mr.WARREN
on all Issues here to and so on Thank you FoR Your time

**OFFICER'S NAME:**

**RECEIVED BY: INMATE'S SIGNATURE:**

# BUTTE COUNTY SHERIFF'S OFFICE
## CORRECTIONS DIVISION
### INMATE REQUEST FORM

EXHibit

| INMATE'S NAME: (Last/First) WARReN Elgar | IID #: 137286 | HOUSING: 13-G6 | DATE: 5-22-08 |
|---|---|---|---|

**REQUEST:**

- [ ] INFORMATION*
- [ ] GRIEVANCE FORM
- [ ] WRIT OF HABES CORPUS
- [ ] RELEASE DATE
- [ ] SHERIFF'S PAROLE APPLICATION
- [ ] ELECTRONIC SURVEILLANCE PROGRAM
- [ ] WORK/SCHOOL FURLOUGH
- [ ] SHERIFF'S WORK ALTERNATIVE PROGRAM

- [ ] HOLDS/WARRANTS
- [ ] 1381 PC FORM
- [ ] UNSCHEDULED TELEPHONE USE*
- [ ] INMATE ACCOUNT BALANCE
- [ ] COURT DATE
- [ ] PASS*
- [X] OTHER* To ToP medical staff and DoctoR's
*DESCRIBE IN INFORMATION SECTION

**INFORMATION:**

MR. WARREN IS Put This complaint IN oN The issues that WARREN have been denied by The DoctoR's and ToP medical staff here at Butte county Jail FoR medical assistance oF WARREN have A MRE oN his heart however WARREN is not good and WARREN and FoR A MRE oN heart over FoR about -9-month now and WARREN Put IN SICK slip about This issues and WARReN Complaint To The Law officics oF MR. DANe cameRoN and miss. stePHoNI Femino Butte county Jail Doctor's and ToP medical staff have not Did ANy thing oN This issues however all The issues here iN This complaint is IN The medical FiL in Butte county Jail and The Law offices oF MR. DANe cameRoN miss. stePHoNI Femino have copy's oF The

**INMATE'S SIGNATURE:** Edgar Lee WARReN

**RECEIVED BY: HOUSING OFFICER'S INITIALS:**

**RESPONSE:**

COMPLAINt's about The MRI oN WARReN heart and all so MR. cameRoN and miss. Femino have complaint's WARReN had send To Them about The staff INFFection WARRoN got FRom Butte county Jail To and so oN and so oN. Thank you FoR youR time

**OFFICER'S NAME:**

**RECEIVED BY INMATE'S SIGNATURE:**

DISTRIBUTION: White-Inmate File, Pink-Inmate

J-111 7/99

# BUTTE COUNTY SHERIFF'S OFFICE
## CORRECTIONS DIVISION

EXhibit

### INMATE GRIEVANCE FORM

#08-0297

**INMATE'S NAME: (Last/First)** Wallen, Edgar **ID #:** 137286 **HOUSING:** B66 **DATE/TIME:** 5/5/2008 1000 hrs.

**DESCRIBE AND REFERENCE ALLEGED VIOLATION:** **DATE/TIME OF INCIDENT:** /

[illegible] Jason [illegible] ... to all officers [illegible] and the [illegible] Mr. Cooley is [illegible] against Wallen [illegible] on that date 4-28-2008 [illegible] your classification [illegible] I have given my attorneys [illegible] Mr. [illegible] 4-29-08 [illegible] and Mr. Cooley and officer [illegible] however the visit room [illegible] his attorney [illegible] Mr. Rodriguez left legal mail [illegible] ... family [illegible] not received [illegible] any [illegible] mail to his family [illegible] mail [illegible] Wallen [illegible] ... the problem [illegible] I think [illegible]

**INMATE'S SIGNATURE:** [signature]

**RECEIVED BY: HOUSING OFFICER'S INITIALS:** [initials] **DATE/TIME:** [illegible]

**RECEIVED BY: TEAM SERGEANT'S INITIALS:** **DATE/TIME:**

**PROPOSED RESOLUTION:**

**GRIEVANCE HAS** ☐ **HAS NOT** ☐ **BEEN RESOLVED TO MY SATISFACTION. INMATE'S INITIALS:**

**DATE/TIME:**

**LIEUTENANT'S RESPONSE:**

**GRIEVANCE HAS** ☐ **HAS NOT** ☐ **BEEN RESOLVED TO MY SATISFACTION. INMATE'S INITIALS:**

**LIEUTENANT'S INITIALS:** **DATE/TIME OF HEARING:**

**JAIL COMMANDER'S RESPONSE:**

**JAIL COMMANDER'S INITIALS:** **DATE/TIME OF REVIEW:**

**GRIEVANCE HAS** ☐ **HAS NOT** ☐ **BEEN RESOLVED TO MY SATISFACTION. INMATE'S INITIALS:**

# BUTTE COUNTY SHERIFF'S OFFICE
## CORRECTIONS DIVISION

EXhibit

### INMATE GRIEVANCE FORM

#08-097

| INMATE'S NAME: (Last/First) | ID #: | HOUSING: | DATE/TIME: |
|---|---|---|---|
| Warren, Edgar | 137286 | B66 | 5/5/2008 1000 hrs. |

**DESCRIBE AND REFERENCE ALLEGED VIOLATION:** DATE/TIME OF INCIDENT: /

WARREN IS have This COMPLAINTS PUT IN ON The ISSUES OF This The DAte 4-28-2008# WARREN Attorney Jesus Rodriguez came up here To see WARREN and The Sergeant BROWNFiELd and The Sergeant Cooley and OFFICER they was FOR-B-Pod ON that DAte 4-28-2008# they is PReJudice Against WARREN and Some OF YOUR Classification To all here in Butte COUNTY Jail all so I have give my Attorneys A COPY This COMPLAINTS IN ON COURT The DAte 4-29-08H however The ISSUES MR. BROWNFiELd and MR. COOLEY and OFFICER Did not let WARREN out of his Cell INTO his Attorney MR. Rodriguez Did not The Visit Room and Them that when WARREN was send up To A Attorney Visit When Know one was there however all OF WARREN Legal mail that was send To This Judge HERMANGEN ARE ANY Judges and To my Attorneys MR. Rodriguez and MR. McNeill and miss. Femino Did not Receive Them To and WARREN mail To his Family To RUBY and MR. CURtis and miss. BRENDA and women INMATES Here Butte county Jail and To miss. Diana The mail send Them was not send out and ANY mail they send me is not give To WARREN and YOUR Sergeant Cooley PReJudice Against WARREN and black INMATES and DONt want WARREN going To COURT ON his COURT DATE With write WORK If you KNOW what mean He DONt want WARREN Say ANY thing To Them ARE write Them Say thing To me so I think we need To get This all out however This PReJudice need To Stop Here IN Butte county Jail however my Attorney Rodriguez told WARREN IN Butte 80-70 INMATE IN This Attorney Visit Room So # asking WARREN He was To look at This ISSUES to look. Thank you For your time

**INMATE'S SIGNATURE:** Edgar Warren

| RECEIVED BY: HOUSING OFFICER'S INITIALS: | DATE/TIME: 5/5/08 0/630 hrs |
|---|---|

| RECEIVED BY: TEAM SERGEANT'S INITIALS: | DATE/TIME: 5-6-08 0700 |
|---|---|

**PROPOSED RESOLUTION:**

DENIED ▬▬▬▬▬▬▬▬▬▬

GRIEVANCE HAS ☐ HAS NOT ☐ BEEN RESOLVED TO MY SATISFACTION. INMATE'S INITIALS: _____

DATE/TIME: _____

**LIEUTENANT'S RESPONSE:**

GRIEVANCE HAS ☐ HAS NOT ☐ BEEN RESOLVED TO MY SATISFACTION. INMATE'S INITIALS: _____
LIEUTENANT'S INITIALS: _____   DATE/TIME OF HEARING: _____

**JAIL COMMANDER'S RESPONSE:**

JAIL COMMANDER'S INITIALS: _____   DATE/TIME OF REVIEW: _____

GRIEVANCE HAS ☐ HAS NOT ☐ BEEN RESOLVED TO MY SATISFACTION. INMATE'S INITIALS: _____

*EXHibit*

 **BUTTE COUNTY SHERIFF'S OFFICE**
**INTER-DEPARTMENTAL MEMORANDUM**

**GRIEVANCE #:08-0397**

**GRIEVANT: Edgar Warren**

**STEP #1 HEARING OFFICER: R. Cooley, Correctional Sergeant**

**DATE: 5-6-08**

### GRIEVANCE DENIED

I have no idea what you are talking about or do I recall having any contact with you on 4-28-08. The only contact that I have had with you was yesterday 5-5-08 when I transported you to court.

You have failed to comply with Section II, Procedure 04 (located on page 15) of the ***JAIL INFORMATION HANDBOOK***, in that you have not referenced what constitutional right, state or federal law, Board of Corrections -Title 15 section number, or Departmental policy or rule that we have violated.



# BUTTE COUNTY SHERIFF'S OFFICE
## CORRECTIONS DIVISION
## INCIDENT REPORT

$EXHibit$

**Page    of**

---

## REPORT INFORMATION:

☒ **INFORMATION**      ☒ **OFFICER SAFETY**        ☐ **INMATE SAFETY**        ☐ **FACILITY SECURITY**        ☐ **OTHER**

| **VIOLATION TYPE:** | ☐ **MAJOR** | ☒ **SERIOUS** | ☐ **MINOR** |
|---|---|---|---|

**VIOLATION ENTERED INTO OFFENDERTRAK:**    ☒ **YES**    ☐ **NO**

| CASE #: | **EVENT #: 08AC3926** | **DISPOSITION: SROT** |
|---|---|---|

## INMATE INFORMATION:

| NAME (Last, First): | | HOUSING LOCATION: | |
|---|---|---|---|
| **Warren, Edgar** | | BEFORE: **B-66B** | AFTER: **B-66B** |
| IID #: **137286** | BKG #: | STATUS: **PRE-SENTENCED** | |

## VICTIM / WITNESS INFORMATION:

NAME(S) & HOUSING LOCATIONS:
**Officer Cornelius**

## INCIDENT INFORMATION:

| INCIDENT / VIOLATION #: Serious #37 Non emergercy use of the intercom/Serious #32 Inmates will not curse or swear at, make obscene any derogatory lauguage to the staff or private citizen. | DATE: **5-9-08** | APPROXIMATE TIME: **0857** hrs. |
|---|---|---|

NARRATIVE: On the above time and date while working as the Post 20(Charlie Control) Officer, I informed inmate Edgar Warren (ID#137286)(B-66B) to lock down that his allotted dayroom time was over. He called me a "fucking bitch" and said that he had only been out for fifteen minutes. I informed him that his time was up and instructed him to lock down. He eventually locked down after repeated requests, once in his cell he called the tower via the emergency intercom. When I answered the intercom, he called me a "fucking punk" for not giving him all of his dayroom time. I informed him that he got all of his allotted dayroom time and ended the call.

End of report
JBehlke J83

---

| OFFICER SIGNATURE | BADGE # |
|---|---|

"I have received a copy of this report."

| INMATE SIGNATURE | DATE AND TIME |
|---|---|

| RECEIVED BY SUPERVISOR | DATE AND TIME |
|---|---|

| RECEIVED BY DISCIPLINARY OFFICER | DATE AND TIME |
|---|---|

| HEARING DATE AND TIME | INMATE NOTIFIED DATE AND TIME |
|---|---|

SeRgeant BROWNFiELd give This To
Edgar Lee WARREN

COPYS will be send
To my. attORNEYS
DANE carncROwand
StephanI Fermino

A COPY OF This will be
send To The Judge
HERMANSEN
Exhibit

# BUTTE COUNTY SHERIFF'S OFFICE
## CORRECTIONS DIVISION
### INMATE REQUEST FORM

| INMATE'S NAME: (Last/First) WaRReN Edgar | IID #: 137286 | HOUSING: B-66 | DATE: 2-21-08 |
|---|---|---|---|

**REQUEST:**

- [ ] INFORMATION*
- [X] GRIEVANCE FORM
- [ ] WRIT OF HABES CORPUS
- [ ] RELEASE DATE
- [ ] SHERIFF'S PAROLE APPLICATION
- [ ] ELECTRONIC SURVEILLANCE PROGRAM
- [ ] WORK/SCHOOL FURLOUGH
- [ ] SHERIFF'S WORK ALTERNATIVE PROGRAM

- [ ] HOLDS/WARRANTS
- [ ] 1381 PC FORM
- [ ] UNSCHEDULED TELEPHONE USE*
- [ ] INMATE ACCOUNT BALANCE
- [ ] COURT DATE
- [ ] PASS*
- [ ] OTHER*

*DESCRIBE IN INFORMATION SECTION

**INFORMATION:**

WARReN Is have This complaints abou This officer's
here IN Butte county Jail however when This
officer Hasen Is WORK-B-Pod He Don't give WARReN
all of his day Room time and The officer NaRvais
and officer WINTON Do same thing not let
WARReN get all of his Room time however WARReN
Know that The officer's oN This Form they Do
not like blacks Inmate's and officer JaunaReNa
was doing what He can To give Edgar WARReN
A contaminated RazoR that got AIds oN
it and otheR officer's was Do what they can
To give WARReN A contaminated RazoR that
got AIds oN it however all The things that

**INMATE'S SIGNATURE:** Edgar Lee WarreN

**RECEIVED BY: HOUSING OFFICER'S INITIALS:**

**RESPONSE:**

Is going oN in This complaINt is not going
To be toLeRated and officer ALdRich Did
not give WARReN all of his day Room
time. Thank You FoR YouR time
(ATTACHED)

**OFFICER'S NAME:**

**RECEIVED BY: INMATE'S SIGNATURE:**

J-111 7/99

B74 Exhibit B74

# BUTTE COUNTY SHERIFF'S OFFICE
# DISCIPLINARY ACTION REPORT

CASE # _07AF5898_

☒ SERIOUS ☐ MINOR

INMATE NAME: _WARREN     EDGAR_                                INMATE ID # _137286_
              (Last)                    (First)

Date/Time of Incident: _11/15/07 @ 1850_
Date/Time Informed of Charges: _____ Time Waived: ☐ Yes ☐ No Inmate's Initials: _____
Date/Time of Hearing: _____ Inmate Waives Presence: ☐ Yes ☒ No Inmate's Initials: _____

EXHIBIT

| HEARING | Yes | No | FINDING | |
|---|---|---|---|---|
| Inmate present | ☐ | ☐ | Not Responsible | ☐ |
| Inmate advised of charges | ☐ | ☐ | Responsible - Admitted | ☐ |
| Inmate submit documentary evidence | ☐ | ☐ | Responsible - Determined by Evidence | ☒ |
| Inmate witnesses present | ☐ | ☐ | | |

Inmate statement in own behalf or extenuating circumstances: (Attached additional pages if necessary) _REFUSE TO PART_

_REFUSE TO PART TO PART_

Inmate's Signature: _____
Hearing Officer's Signature: _____

## REVIEW OF INMATE FILE
Projected release date: _PF_
Number of previous affirmed violations: SERIOUS _0_    MINOR _0_

## RECOMMENDED PENALTY

☐ DISCIPLINARY ISOLATION   (Maximum 10 days unless new violation)     FROM _____ TO _____
☐ DISCIPLINARY DIET (See Title 15 - Section 1083g)                   FROM _____ TO _____
☐ LOSS OF GOOD TIME (Earned and/or future)                           NUMBER OF DAYS _____
☐ LOSS OF WORK TIME (Work related violation - Earned cannot be taken) NUMBER OF DAYS _____
☐ LOSS OF COMMISSARY (Excludes personal hygiene - Legal material)    FROM _____ TO _____
☐ LOSS OF TELEPHONE (Excludes legal calls)                           FROM _____ TO _____
☐ LOSS OF RECREATION YARD                                            FROM _____ TO _____
☒ LOSS OF VISITS (Excludes legal visits)                             FROM _11/24/07_ TO _11/25/07_
☐ REMOVAL FROM WORKER STATUS        _1 UR_
☐ RESTRICTION TO CELL/DORMITORY                                      FROM _____ TO _____
☐ WORK CONTRACT                                                      NUMBER OF HOURS _____
☐ VERBAL COUNSELING - WARNING - REPRIMAND
COMMENTS: _DISOBEYING A VERBAL ORDER, WARNED TWICE_
_BEFORE GIVEN A WRITE-UP._

Inmate's Signature: _____                    Appeal: ☐ Yes ☐ No
Disciplinary Officer's Signature: _Sgt. Haynes J6_

Reviewer's (Lt/ASH) Signature: _LT Haynes_ _____ Date/Time: _11-16-07 08?_

☒ AFFIRMED
☐ REDUCED (Reason): _____

☐ DISMISSED (Reason): _____

## BUTTE COUNTY SHERIFF'S OFFICE
## DISCIPLINARY ACTION REPORT

CASE # _____
☐ SERIOUS   ☐ MINOR

INMATE NAME: _Warren_ _____ _Edgar_ _____ INMATE ID # 137286
         (Last)             (First)

Date/Time of Incident: 5-9-08 @ 0857
Date/Time Informed of Charges: 5-9-08 @ 1725   Time Waived: ☒Yes ☐ No  Inmate's Initials: _RP_
Date/Time of Hearing: 5-9-08 @ 1725  Inmate Waives Presence: ☐ Yes ☐ No  Inmate's Initials: _____

| HEARING | Yes | No | FINDING | |
|---|---|---|---|---|
| Inmate present | ☒ | ☐ | Not Responsible | ☐ |
| Inmate advised of charges | ☒ | ☐ | Responsible - Admitted | ☐ |
| Inmate submit documentary evidence | ☐ | ☒ | Responsible - Determined by Evidence | ☒ |
| Inmate witnesses present | ☐ | ☒ | | |

Inmate statement in own behalf or extenuating circumstances: (Attached additional pages if necessary) _____

_____ Inmate Warren refused to participate with DAR _____

Inmate's Signature: Refused to sign
Hearing Officer's Signature: _____

### REVIEW OF INMATE FILE

Projected release date: _PF_
Number of previous affirmed violations: SERIOUS ___5___ MINOR ___0___

### RECOMMENDED PENALTY

☐ DISCIPLINARY ISOLATION   (Maximum 10 days unless new violation)  FROM _____ TO _____
☐ DISCIPLINARY DIET (See Title 15 - Section 1083g)  FROM _____ TO _____
☐ LOSS OF GOOD TIME (Earned and/or future)  NUMBER OF DAYS _____
☐ LOSS OF WORK TIME (Work related violation - Earned cannot be taken)  NUMBER OF DAYS _____
☒ LOSS OF COMMISSARY (Excludes personal hygiene - Legal material)  FROM 5/17/2008 TO 5/23/2008
☐ LOSS OF TELEPHONE · (Excludes legal calls)  FROM _____ TO _____
☐ LOSS OF RECREATION YARD  FROM _____ TO _____
☒ LOSS OF VISITS (Excludes legal visits)  FROM 5/17/2008 TO 5/18/2008
☐ REMOVAL FROM WORKER STATUS
☐ RESTRICTION TO CELL/DORMITORY  FROM _____ TO _____
☐ WORK CONTRACT  NUMBER OF HOURS _____
☐ VERBAL COUNSELING - WARNING - REPRIMAND
COMMENTS: _____

Inmate's Signature: _____  Appeal: ☐ Yes ☐ No
Disciplinary Officer's Signature: _B McCann_

Reviewer's (Lt/ASH) Signature: _____  Date/Time: 7-12-08 07
☒ AFFIRMED
☐ REDUCED (Reason): _____

☐ DISMISSED (Reason): _____

# BUTTE COUNTY SHERIFF'S OFFICE
# DISCIPLINARY ACTION REPORT

CASE # E08AB 4346

☑ SERIOUS    ☐ MINOR

INMATE NAME: WARREN, EDGAS

(Last)        (First)

INMATE ID # 137286

Date/Time of Incident: 3/19/08 @1905
Date/Time Informed of Charges: 3-20-08  0526    Time Waived: ☑Yes ☐No  Inmate's Initials: Refused
Date/Time of Hearing: 3-20-08  0536    Inmate Waives Presence: ☐Yes ☑No  Inmate's Initials: Refused

| HEARING | Yes | No |
|---|---|---|
| Inmate present | ☑ | ☐ |
| Inmate advised of charges | ☑ | ☐ |
| Inmate submit documentary evidence | ☐ | ☑ |
| Inmate witnesses present | ☐ | ☑ |

| FINDING | |
|---|---|
| Not Responsible | ☐ |
| Responsible - Admitted | ☐ |
| Responsible - Determined by Evidence | ☑ |

Inmate statement in own behalf or extenuating circumstances: (Attached additional pages if necessary) _____
Inmate WARREN refused to sign or state that officer Stalnell
is picking on him. WARREN told me that he was simply try his
luck out. Refused to come to the Door.

Inmate's Signature: Refused
Hearing Officer's Signature: _____

## REVIEW OF INMATE FILE

Projected release date: _____ PF _____
Number of previous affirmed violations: SERIOUS __3__  MINOR __8__

## RECOMMENDED PENALTY

| | |
|---|---|
| ☐ DISCIPLINARY ISOLATION (Maximum 10 days unless new violation) | FROM _____ TO _____ |
| ☐ DISCIPLINARY DIET (See Title 15 - Section 1083g) | FROM _____ TO _____ |
| ☐ LOSS OF GOOD TIME (Earned and/or future) | NUMBER OF DAYS _____ |
| ☐ LOSS OF WORK TIME (Work related violation - Earned cannot be taken) | NUMBER OF DAYS _____ |
| ☐ LOSS OF COMMISSARY (Excludes personal hygiene - Legal material) | FROM _____ TO _____ |
| ☐ LOSS OF TELEPHONE (Excludes legal calls) | FROM _____ TO _____ |
| ☐ LOSS OF RECREATION YARD | FROM _____ TO _____ |
| ☑ LOSS OF VISITS (Excludes legal visits) | FROM 3/19/08 TO 3/30/08 |
| ☐ REMOVAL FROM WORKER STATUS    1 WK | |
| ☐ RESTRICTION TO CELL/DORMITORY | FROM _____ TO _____ |
| ☐ WORK CONTRACT | NUMBER OF HOURS _____ |
| ☐ VERBAL COUNSELING - WARNING - REPRIMAND | |

COMMENTS: _____ Disobeying a verbal order _____

Inmate's Signature: _____    Appeal: ☐ Yes ☐ No
Disciplinary Officer's Signature: Sgt. Hawley J6

Reviewer's (Lt/ASH) Signature: _____    Date/Time: 3/20/08 0700
☑ AFFIRMED
☐ REDUCED (Reason): _____

☐ DISMISSED (Reason): _____

# BUTTE COUNTY SHERIFF'S OFFICE
# DISCIPLINARY ACTION REPORT

CASE # _08 AC 5851_

☐ SERIOUS    ☐ MINOR

INMATE NAME: _WARREN,    EDGAR_
(Last)                          (First)

INMATE ID # _137286_

Date/Time of Incident: _5/19/08 @ 0745_
Date/Time Informed of Charges: _5/19/08 @ 1730_    Time Waived: ☒ Yes ☐ No Inmate's Initials: _REFUSED_
Date/Time of Hearing: _5/19/08_    Inmate Waives Presence: ☐ Yes ☒ No Inmate's Initials: _REFUSED_

| **HEARING** | Yes | No | **FINDING** | |
|---|---|---|---|---|
| Inmate present | ☒ | ☐ | Not Responsible | ☐ |
| Inmate advised of charges | ☒ | ☐ | Responsible - Admitted | ☐ |
| Inmate submit documentary evidence | ☐ | ☒ | Responsible - Determined by Evidence | ☒ |
| Inmate witnesses present | ☐ | ☒ | | |

Inmate statement in own behalf or extenuating circumstances: (Attached additional pages if necessary) _I/m STATES_
_HE ASKED THE TOWER FOR DAY ROOM. TOWER OFFICER INFORMED HIM_
_THAT HE WOULD NEXT. AFTER TWO ABUSE INMATES HAD DAY ROOM. I/m_
_WARREN STATED HE PUSHED THE INTERCOM BUTTON TO ASK ABOUT HIS DAY ROOM_
_WHEN THE TOWER OFFICER SNAPPED AT HIM, WHICH CAUSED HIM TO GO OFF_
_VERBALLY ON THE OFFICER._

Inmate's Signature: _REFUSED._

Hearing Officer's Signature: _M Wright_

## REVIEW OF INMATE FILE

Projected release date: _PF_

Number of previous affirmed violations: SERIOUS _6_ MINOR _8_

## RECOMMENDED PENALTY

| | |
|---|---|
| ☐ DISCIPLINARY ISOLATION  (Maximum 10 days unless new violation) | FROM _____ TO _____ |
| ☐ DISCIPLINARY DIET (See Title 15 - Section 1083g) | FROM _____ TO _____ |
| ☐ LOSS OF GOOD TIME (Earned and/or future) | NUMBER OF DAYS _____ |
| ☐ LOSS OF WORK TIME (Work related violation - Earned cannot be taken) | NUMBER OF DAYS _____ |
| ☒ LOSS OF COMMISSARY (Excludes personal hygiene - Legal material) | FROM _5/22/08_ TO _5/29/08_ |
| ☐ LOSS OF TELEPHONE  (Excludes legal calls) | FROM _____ TO _____ |
| ☐ LOSS OF RECREATION YARD          _1 Wk_ | FROM _____ TO _____ |
| ☒ LOSS OF VISITS  (Excludes legal visits) | FROM _5/24/08_ TO _5/25/08_ |
| ☐ REMOVAL FROM WORKER STATUS | |
| ☐ RESTRICTION TO CELL/DORMITORY | FROM _____ TO _____ |
| ☐ WORK CONTRACT | NUMBER OF HOURS _____ |
| ☐ VERBAL COUNSELING - WARNING - REPRIMAND | |

COMMENTS: _Non Emergency use of Intercom / Cussing at_
_STAFF._

Inmate's Signature: _____    Appeal: ☐ Yes ☐ No
Disciplinary Officer's Signature: _Sgt Hooley JL_

Reviewer's (Lt/ASH) Signature: _B_____ Date/Time: _5-20-08 0800_

☒ AFFIRMED
☐ REDUCED (Reason): _____

☐ DISMISSED (Reason): _____

DISTRIBUTION: WHITE - Inmate File; CANARY - Classification; PINK - Inmate                    J-110 09/25/96

and have all my family
Address WARREN

Page 13

1  Edgar Lee WARREN            Judge Hermansen
2  Inmate I.D.137286           Phone number
3  35 County Center DR.        (530)532-7014
4  Oroville, ca 95965          Butte county courthouse
5                              One Court Street
6  Diana WARREN daughter       Oroville, ca 95965
7  1508 Monterey Apt A
8  Bakersfeild, ca 93305       Kameshia Warren
9                              daughter Dont know her
10 Edgar Lee WARREN Aunt Ruby  Address East Palo Alto, ca
11 Phone number (530)894-6276#
12 1020 Lendan Street Chico, ca 95926
13
14 Edgar Lee WARREN cousin's mr. Curtis
15 mr. Roy at Phone number (530)895-0186#
16 1145 W. 2d Street # 3
17 Chico, California 95926
18
19 Edgar Lee WARREN was at This Address out of
20 Los Angeles, ca. 1535 W. 58th PL
21 Los Angeles, California 90047
22
23 Napa State Hospital
24 2100 Napa Vallejo Hwy
25 Napa, California 94558
26 Edgar Lee WARREN went to court may 20-2008 and
27 Judge send WARREN To NAPA state Hospital so that
28 where WARREN will be But WARREN Dont Know
   When they going to take WARREN there

MARYSVILLE CA 959

14 APR 2008 PM 2 L

BUTTE COUNTY

*BbP*

*EXHibit -1*

3 County Center Drive

Oroville, California

_95465

Dear Sis,

This is Just a Few lines to let you Know that I went to Court today and was dismissed Drug Court, So, my Case will be offered Back to regular Sentencing Court I go back to Court on April 29th at 9:30 AM to be Sentenced on the bullshit Case they got us on. On the 29th I'll find out how much time I'll get on that Date. The most I am facing is three years 8mo not Just for that Charge I had other Charges too. My reason for writing you Cos is I am trying to find out why are you still up in hear And why havent you Called me to Court yet. I alleady did the probation & Court shit I am responsiable for this whole Case. I told you Didn't have shit to Do with it I been waiting for to Call me to Court whats up. I Just Found out today that your next over

[...] right now as I'm at
[...] how I found out
[...] was still up in
hear is when I read my
probation report. I couldn't
believe it. Well, anyway
As Soon As I get to the
Law Library I'll make A
Copie of my probation report
And Send it! do. yow, I
already signed the list. IM
Just waving to get the Copie
Made.

I go back for Sentencing
on the 29th AT
that time. I am
going to ask the court
to hold off on transfering
to prison so thit I

Can let [...] people
people know what I did
that shit. there is no

[illegible handwritten lines]
the shit being new item.

that you let them know that
you was only riding with
me -- they didn't believe you

Are what? I Am sorry I put
you in this situation, I knew
you didn't know I was
stealing that shit, but

I was trying to get money
to buy me some dope, and all
that [illegible] I didn't even know
I was stealing somebody's
shit. I had no idea
that shit belonged to
anybody, I thought that
[illegible] was salvage.

So again I am sorry
[illegible] got to go now
[illegible] I am very upset
at finding out what [illegible]

EXHibit - 1 -

you are still us in here, No— only that I AM Also trippin on going to prison!

As Soon As I get Copie of Probation report I'll send it As Soon As I get a Copie.

LOVE Always your Cuz
— Brandi —

P.S. When you get out I need you I Just need a Guys no I this thing will be your ????

**KENT R. CARUSO, Ph.D.**
**Clinical-Forensic Psychologist**
**License No. PSY 4477**

$EXHibit$

P. O. Box 994445
Redding, CA 96099-4445
(530) 241-2088

February 4, 2008

```
F      Butte County       F
I      Superior Court      I
L                          L
E      FEB 08 2008         E
D    Sharol Strickland Clerk  D
By E. DENARENIV  Deputy
```

The Honorable Gerald Hermansen
Butte County Superior Court
Butte County Courthouse
One County Center Drive
Oroville, California 95965

In the matter of The People vs. Edgar Lee Warren, defendant
Court Case #: CM027429
A CPC Section 1368/1370 et seq Psychological Evaluation

Dear Judge Hermansen:

Pursuant to an appointment by the court I recently completed a psychological examination on Mr. Edgar Lee Warren for the purpose of addressing issues relating to this man's current levels of intellectual/mental, social, and general psychological functioning, particularly as knowledge of and database in these things may assist me in determining whether or not Mr. Warren is competent to stand trial. The CPC Section 1368/1370 et seq Competency Test is two pronged and involves the questions of whether or not Mr. Warren is aware of and understands the nature and consequences of the proceedings currently pending against him; and whether or not he is capable of assisting his attorney in a rational manner during the conduct of Mr. Warren's defense.

This assessment of Mr. Warren was conducted in one of the Interview Rooms on the C Unit of the Butte County Jail on the morning and into the afternoon of February 4, 2008. Prior to my meeting with Mr. Warren I thoroughly reviewed the packet of information that had been forwarded to me by the Criminal Clerk's Office of the Butte County Superior Court. I spent almost 1 hour and 45 minutes with this man, and during that time conducted structured clinical interview and administered to him an abbreviated form of the Verbal part of the Wechsler Adult Intelligence Scale – Revised, the Bender Visual-Motor Gestalt Test, the Wechsler Memory Scale, and part of the Projective Story Telling Cards.

C: DA J. Rodriguez

The Honorable Gerald Hermansen
Butte County Superior Court
In the matter of The People vs. Edgar Lee Warren, defendant
A CPC Section 1368/1370 et seq Psychological Evaluation
Page: -2-

Mr. Warren was made available to see me very shortly after my arrival on the C Unit. He
was dressed in typical Jail attire, free from any restraints, and presented with adequate
grooming and hygiene. Mr. Warren seemed to be in good physical health and there were
no observable outstanding physical characteristics. Mr. Warren is a 51 year old mixed
racial, Afro-American and Native American male of approximately average height and
weight and appearing to be his stated age.

Mr. Warren indicated to me that he had no memory of seeing any other mental health
professional recently and/or pertaining to his commitment offenses. He had no idea, he
stated, what a 1368/1370 Evaluation is about; but later on in the interview he reported
some fairly recent history that would strongly suggest his having had a prior 1368/1370 et
seq Psychological Evaluation out of Los Angeles County, and resulting in placement at
Patton State Hospital.

Mr. Warren was quick to point out to me that he is mentally retarded and wholly
illiterate. He added that the only thing that he can write, having been taught by one of his
sisters, is his own name. At the same time Mr. Warren always seemed to be relaxed and
comfortable with myself and the assessment procedures. He was affable and easy to
approach, cooperative, focused, serious, and task oriented.

Mr. Warren's eye contact was good and his affect stable and appropriate though
somewhat blunted. He was alert and oriented to person and place but not oriented to
time. Ego strength appeared to be intact and reality testing was functional. During the
time that I spent with Mr. Warren he did not exhibit any significant propensities toward
either the cognitive or perceptual distortion of reality; although at times some of his
thinking was mildly paranoid, and he reported to me a history of auditory hallucinations.

For the most part Mr. Warren's thinking was clear and lucid though his expressive and
receptive language skills were poor. Other than that which was consistent with his
mental retardation there were no oddities or peculiarities in communicational or
relationship style or demeanor. And while there were definite signs of mild to moderate
organic brain syndrome, some mild elements of logical deficit and poverty of content, no
psychotic signs or symptoms were noted. There was no illusional or delusional thinking
outside that which I already alluded to in terms of his being a bit paranoid at times.
There was no circumstantial or tangential thinking, confused or disoriented thinking, or
fragmented or disorganized thinking.

The Honorable Gerald Hermansen
Butte County Superior Court
In the matter of The People vs. Edgar Lee Warren, defendant
A CPC Section 1368/1370 et seq Psychological Evaluation
Page: -3-

A brief neurological examination revealed a 51 year old consistently left side dominant male who was fully mobile and ambulatory while being observed moving about the small Interview Room and its adjacent Jail corridor. There were no signs of significant impairment in Mr. Warren's gross motoric control, coordination, balance, or dexterity; however his poor reproductions and the very immature overall quality of his Bender Visual-Motor Gestalt drawings were consistent with moderate brain damage. On the other hand Mr. Warren's freedom from distractibility was good; and there were no signs of hyperactivity, psychomotor agitation, or any inability on his part to be able to control motoric impulses. There were a number of indices pointing toward the significant impairments in visual and auditory perceptual/sensory processing abilities. Mr. Warren also indicated to me that he requires glasses, not for close up work, but to be able to see clearly that which is going on around him. He stated for example that most things within the Courtroom appeared to him to be blurred.

Mr. Warren also performed rather poorly across the Wechsler Memory Scale. During this test he indicated to me that he does not know his alphabet, his basic math skills are probably no better than those of a first or second grader; and civically, culturally, and socially, he has no knowledge about the world outside his immediate reach. He exhibited significant problems in the areas of Mental Control, Logical Memory, Associative Learning, and Short Term Auditory Memory. These results, once again, were quite consistent with his described history of being developmentally delayed, and a client of various developmental disabilities services.

Results obtained from this administration of an abbreviated form of the Verbal part of the Wechsler Adult Intelligence Scale – Revised to Mr. Warren were no better. These scores placed him in the mildly mentally retarded range of Verbal Intelligence. Mr. Warren was, not surprisingly, not at all comfortable with his own mental faculties. His basic anticipatory, planning, input integration, and organizational skills proved to be quite immature.

Overall intellectual test results and mental status definitely pointed in the direction of significant right and left hemisphere brain damage, neurological dysfunction, or learning disabilities; that in Mr. Warren's case were described as being chronic, and possibly related to substance abuse on his mother's part, possible failure to thrive, and maybe even repeated beatings to the head at the hands of his mother when Mr. Warren was very young.

The Honorable Gerald Hermansen
Butte County Superior Court
In the matter of The People vs. Edgar Lee Warren, defendant
A CPC Section 1368/1370 et seq Psychological Evaluation
Page: -4-

Mr. Warren's word knowledge and vocabulary skills present as being early to no better
than mid elementary school level.    The same could essentially be said about his general
reasoning and logical thinking abilities, his capacity to manipulate abstractions, ability to
make good judgment and common sense decisions, and conceptual thinking. I did not
find him at all comfortable having to deal with any kind of novel or complex cognitive
matter; his analytical and critical thinking abilities being very child like.

With enough questioning Mr. Warren was finally able to provide the following history
about himself. He did not remember his birthday or his exact age, but stated that he was
born in Oroville, his mother left the relationship with his father while she was pregnant
with Mr. Warren, and that he already had an older sister from the relationship between
his biological parents. He further stated that he was told that his maternal grandmother
was Native American and raised on one of the Tribal Reservations in this area.

According to Mr. Warren there was never a father figure in the home, and that he did
have two sisters and three brothers. He spent the first nine years of his life living in
Chico, and then his mother took the family to the downtown Los Angeles Area.  Mr.
Warren described his mother as being a very physically punitive and abusive individual
when it came to his upbringing. She seemed never to like him or to want to have much to
do with him. She was never as abusive to Mr. Warren's other siblings. By the time that
Mr. Warren was 10 or 11 years of age he was apparently getting into enough trouble, and
he had already been diagnosed as being mentally retarded, to result in the first of his
many foster home placements. By the time he was 15 years of age and until he was in his
late teens he was placed at Three Pines a home for the developmentally disabled in the
Lancaster-Palmdale Area of LA County.

By way of Mr. Warren's descriptions he was, over the years, a client of Inland Counties
Developmental Disability Services, the Regional Agency that handles at least the coastal
county of Los Angeles; and Far Northern Regional Center which currently handles his
case. He stated that he attended special education classrooms from the time that he could
remember, he used to have a "yellow bus" pick him up at the house and take him to
school; and he dropped out of school in or after the 6th grade because he was continually
being laughed at.   At that point, according to Mr. Warren, the School District had
attempted to main stream him.

Mr. Warren told me that he has always been on SSI, and always had a payee. He has
never once been in or attempted to be involved in the work force. There have been a

The Honorable Gerald Hermansen
Butte County Superior Court
In the matter of The People vs. Edgar Lee Warren, defendant
A CPC Section 1368/1370 et seq Psychological Evaluation
Page: -5-

number of women involved in his life, one short term marriage; and that woman as well
as another one, both described by Mr. Warren as being prostitutes, gave birth to Mr.
Warren's two daughters. Mr. Warren was residing with one of these daughters, and his
grandson, down in Bakersfield before eventually returning to Butte County.

Mr. Warren apparently also has a fairly significant criminal history. He has been in and
out of different County Jails, and he has been to prison at least once. He also has a
significant history of interventions with mental health professionals. These occurred in
Los Angeles County, while incarcerated with CDRC, and through the POC, Parole
Outpatient Clinic System, once Mr. Warren had been discharged to parole. As I
mentioned before, eventually he ended up at Patton State Hospital and probably as the
result of a PC1368/1370 Evaluation. Mr. Warren informed me that he has generally been
placed on antipsychotic drugs; and he named Thorazine, Haldol, and Seroquel.

When it came to talking about some of the specifics pertaining to the pending
proceedings and operation of the Courtroom and trial processes Mr. Warren exhibited
almost unusual amounts of ignorance. This is especially in lieu of the fact that, in all
probability, he spent some time down at Patton State Hospital learning about these things.
In fact when I confronted him about some of his experiences there he replied that the
doctors spent a lot of time trying to teach him things that he could never remember.
Thus when asked about the roles of his Attorney, the Jury, the Prosecution, and the
Judge, all Mr. Warren repeatedly told me was, "I don't know...I don't remember." He
responded likewise when asked about felonies and misdemeanors, the differences
between the two, and plea bargains. When asked how he might assist his Attorney he
indicated to me that he really had no idea; but at the same time Mr. Warren informed me
that he did not do anything wrong, he was not involved in the theft of any metal objects,
he was only out "scrapping" with his cousin, that it was her truck and that she was
driving, and he innocently assumed that everything they were doing was legitimate.

Mr. Warren was further able to tell me that he has "three charges" pending against him;
"burglary...robbery...petty theft..." At one point in the interview process Mr. Warren
insisted that he had no idea why he was in Jail; while at a completely other point in the
interview he stated that he is being charged with helping his cousin to steal "three pieces
of rusty steel lying on the side of the road by a garbage can." A little bit later he went on
to state, "I was charged for stuff in her truck...I didn't know nothing about it." Then he
added that, "first I was charged with petty theft, with a misdemeanor, then it was with a
felony."

The Honorable Gerald Hermansen
Butte County Superior Court
In the matter of The People vs. Edgar Lee Warren, defendant
A CPC Section 1368/1370 et seq Psychological Evaluation
Page: -6-

Mr. Warren had no difficulty talking to me about his concerns about possible sentencing options, realizing what a serious situation he was in, and stating that if "I might go back to prison again…I can plead guilty to seven years or I would get 25 to life…the last time I was in prison they treated me real mean…I was raped…"

There were enough statements made by Mr. Warren during the length of my interview with him that would indicate all criteria necessary for the first prong of the PC 1368/1370 Competency Test have been met. Mr. Warren possesses a basic knowledge about the pending charges, he recognizes how serious his situation is and what some of the potential sentencing options are; and simply by way of the number of times that he has been to Court he possesses at least a rudimentary knowledge about how the pending proceedings are going to work.

There are no questions in this examiner's mind but that Mr. Warren is mildly mentally retarded, and may very well have at least some mild history of experiencing various psychotic symptom sequalae, primarily by way of auditory hallucinations. In the past he has been treated more or less successfully through the application of neuroleptic agents such as Thorazine, Haldol, and more recently Seroquel. The fact that he also may have a significant and chronic polysubstance abuse problem, as stated to me by different jail staff, have not all helped Mr. Warren's different problematic conditions. In fact substance abuse may have contributed to or exacerbated symptoms such as auditory hallucinations.

I spent one hour and forty five minutes with Mr. Warren. During that time he was very adequately focused, cooperative, and attentive. His affect was always stable and appropriate, coordination of impulses was good, and reality testing was functional. He seemed to be trying his best to work with me in a diligent, pragmatic, and productive fashion; and in so doing Mr. Warren exhibited the kinds and quality of functional encoding and decoding skills that basically allowed for adequately effective communication to occur between the two of us.

Although Mr. Warren stated that he did not know what his Attorney is supposed to do, he otherwise did indicate, throughout the interview process, that he was aware that his attorney is his advocate, and someone working in his behalf. He also made a couple of comments that tended to suggest that he is aware that the Judge is a very important person in the trial process, with say over what ultimately might happen to Mr. Warren. Mr. Warren definitely exhibited adequate levels of self-protection and concern about what is going to happen to him; and within the context of the realization that he might be

The Honorable Gerald Hermansen
Butte County Superior Court
In the matter of The People vs. Edgar Lee Warren, defendant
A CPC Section 1368/1370 et seq Psychological Evaluation
Page: -7-

sent back to prison because of what he and his cousin were doing together on July 23rd of last year. Toward the end of my meeting with Mr. Warren he even made the statement to me, "My cousin bailed out of jail...bailed out on me..."

In this examiner's opinion criteria for the second prong of the CPC 1368/1370 et seq Competency Test have also been met. Mr. Warren possesses the basic psychological and mental resources that will allow him to work with his attorney in a rational manner during the conduct of his defense.

Therefore it is this examiner's opinion that Mr. Warren is competent to stand trial at this time. If the court has any further questions or need of input please feel free to contact my office.

Sincerely,

KENT R. CARUSO, Ph.D.
Clinical-Forensic Psychologist
License No.: PSY 4477

KRC/cep

F I L E D     Butte County
Superior Court

AUG 09 2007

Sharol Strickland, Clerk
By: ⸻ ⸻     Deputy

F I L E D

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF BUTTE

| THE PEOPLE OF THE STATE OF CALIFORNIA, | No. CM027428, CM027429 |
|---|---|

Plaintiff,

v.

BRENDA SUE BECK
EDGAR LEE WARREN

INFORMATION

Defendant(s).

The District Attorney of the County of Butte, by this Information alleges that:

COUNT 1

16-2-3

On or about July 23, 2007, in the above named Judicial District, the crime of **GRAND THEFT OF PERSONAL PROPERTY, in violation of PENAL CODE SECTION 487(a), a Felony**, was committed by BRENDA SUE BECK and EDGAR LEE WARREN, who did unlawfully take money and personal property of a value exceeding Four Hundred Dollars ($400), to wit Steel plates the property of Ronald and Wendy Cinquini.

**SPEC ALLEG-PRIOR PRISON TERM**          +1 yr. per prior

It is further alleged as to Count(s) 1 that pursuant to Penal Code section 667.5(b) the defendant

–1–

EDGAR LEE WARREN has suffered the following prior conviction(s):

| CASE NO. | CHARGE | CONVICTION DATE | COUNTY OF COURT | STATE | COURT TYPE |
|----------|--------|-----------------|-----------------|-------|------------|
| A309694 | PC 459 | 11/14/75 | LA SUPERIOR | CA | SUPERIOR |
| A370587 | PC 211 | 03/10/82 | LA Central SC | CA | SUPERIOR |
| A087459 | PC 211 | 04/09/84 | LA Santa Monica SC | CA | SUPERIOR |
| BA151791 | PC 459 (1ST) | 10/20/98 | LA Central SC | CA | SUPERIOR |

and that a term was served as described in Penal Code section 667.5 for said offense(s), and that the defendant did not remain free of prison custody for, and did commit an offense resulting in a felony conviction during, a period of five years subsequent to the conclusion of said term.

### SPEC ALLEG-STRIKE (ONE PRIOR)

MSP Check Code

It is further alleged as to Count(s) 1 pursuant to Penal Code sections 1170.12(a) through (d) and 667(b) through (i) that the defendant EDGAR LEE WARREN, has suffered the following prior conviction of a serious or violent felony or juvenile adjudication:

| CASE NO. | CHARGE | CONVICTION DATE | COUNTY OF COURT | STATE | COURT TYPE |
|----------|--------|-----------------|-----------------|-------|------------|
| A309694 | PC 459 | 11/14/75 | LA SUPERIOR | CA | SUPERIOR |

## COUNT 2

6 Mo.

On or about July 23, 2007, in the above named Judicial District, the crime of **GIVING FALSE INFORMATION TO A POLICE OFFICER, in violation of PENAL CODE SECTION 148.9(a), a**

-2-

1  **Misdemeanor**, was committed by BRENDA SUE BECK, who did unlawfully falsely represent and

2  identify himself/herself as another person and as a fictitious person to a police officer, upon a lawful

3  detention and arrest, in order to evade the process of the court and to evade the proper identification of

4  the person by the Investigating Officer.

6  COUNT  3

7  6 Mo.

8  On or about July 23, 2007, in the above named Judicial District, the crime of **DRIVING WHEN**

9  **PRIVILEGE SUSPENDED OR REVOKED, in violation of VEHICLE CODE SECTION**

10  **14601.1(a), a Misdemeanor,** was committed by BRENDA SUE BECK, who did unlawfully drive a

11  motor vehicle upon a highway at a time when his/her driving privilege was suspended and revoked for a

12  reason other than one listed in Section 14601 and 14601.2 of the Vehicle Code, to wit, failure to appear,

13  and when she had knowledge of such suspension and revocation.

15  COUNT  4

16  6 Mo.

17  On or about July 23, 2007, in the above named Judicial District, the crime of **POSSESSION OF**

18  **SMOKING DEVICE, in violation of HEALTH AND SAFETY CODE SECTION 11364(a), a**

19  **Misdemeanor**, was committed by BRENDA SUE BECK, who did unlawfully possess a device,

20  contrivance, instrument, and paraphernalia used for smoking a controlled substance.

21  *****

22  Pursuant to Penal Code Section 1054.5(b), the People are hereby informally requesting that defense
counsel provide discovery to the People as required by Penal Code Section 1054.3.

23  THIS INFORMATION CONSISTS OF 4 COUNT(S).

24  MICHAEL L. RAMSEY
25  DISTRICT ATTORNEY

26  By:

27  R. E. THOMAS
    DEPUTY DISTRICT ATTORNEY

28

—3—

*Documents and Exhibit*



DOCUMENTS and EXHIBIT



Crim Forms 2d                995 Motions                                    § 21:3

§ 21:3. Inadmissible hearsay **all DOCUMENTS**

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF *BUTTE*

| PEOPLE OF THE STATE | No. *CM027429* |
| OF CALIFORNIA, | NOTICE OF MOTION TO |
| Plaintiff, | SET ASIDE INFORMATION |
| v | (Pen C § 995) |
| *Edgar Lee WARREN* | Date: *10-2-07* |
| Defendant. | Time: _____ |
|  | Place: _____ |

*iensiero v.*
*d 178, 183,*
*d 178, 45 Cal*
*Dist) 78 Cal*
*uperior Court.*
*5, 298 P2d*

TO THE DISTRICT ATTORNEY OF _____ COUNTY
AND/OR ____ [HIS OR HER] REPRESENTATIVE:

*ond a*
*id probable*
*i is on the*
*onable .*
*the mind of*
*e has been*
*n v. Superior*
*18, 378 P2d*
*—somewhat*
*l 'possibility'*
*ticipated in a*
*96).*

PLEASE TAKE NOTICE that on _____ [date], at the hour of
_____ or as soon thereafter as the matter may be heard in the
courtroom of Department ____ of the above-entitled court, the
defendant will move for an order setting aside the information filed
herein.

The motion will be made on the grounds that the defendant was
committed without reasonable or probable cause.

*her the*
*discloses*
*sonably have*
*l crime.'*
*1148-1149*
*talics*
*nty (1973,*
*)*

The motion will be based on this notice of motion, on the
memorandum of points and authorities served and filed herewith, on
the transcript of the preliminary examination, on such supplemental
memoranda of points and authorities as may be filed hereafter with
the court, and on such oral argument as may be presented at the
hearing on this motion.

Dated: *10-2-07*

*FREDERICK A. MCNEIll*                    *Edgar Lee WARREN*
*attorney at Civil Law*                   Attorney for Defendant
*2011 ARlington AV*
*Los Angeles, CA 90018*
*Phone 310-497-2124*

209

§ 21:4. —Points and authorities

54 Cal 3d

577, 586, 5

for the admis-
g. Penal Code
mendment.
years of expe-
urt statements
that the officer
ge of the crime
statement was
essing the reli-
of Santa Clara
820 P2d 262).
rsay," or multi-
lmissible at a
rwise qualified
2nd Dist) 4 Cal

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF BUTTE

| PEOPLE OF THE STATE | No *C1M027429* |
| OF CALIFORNIA, | |
| Plaintiff, | POINTS AND AUTHORITIES |
| | IN SUPPORT OF |
| v | MOTION TO SET ASIDE |
| *Edgar Lee Warren* | INFORMATION |
| Defendant. | |

Defendant submits the following memorandum of points and
authorities in support of the motion to set aside the information:

I

FACTUAL SUMMARY

*[Counsel should set forth a summary of the evidence contained in the
preliminary hearing transcript.]*

II

HEARSAY IS ADMISSIBLE AT THE PRELIMINARY
HEARING ONLY WHEN RECITED BY A QUALIFIED
OFFICER

Proposition 115 (Cal Const, Art I, § 30(b)) provides for the
admissibility of "hearsay evidence" at the preliminary hearing. Penal
Code § 872(b), which was enacted to implement the enabling
constitutional amendment, placed limits on this hearsay.

Only a qualified officer may relate out-of-court statements of
declarants. To be qualified the officer must have either:

(1) five years of law enforcement experience; or

(2) have completed a training course certified by the Commission

DOCUMENTS

| EDGAR LEE WARREN | DE'AUON PATRICE BARDON |
|---|---|
| 1  INMATE 137286 | INMATE 135704 |
| 2  35 COUNTY CENTER DRIVE | 35 COUNTY CENTER DR |
| 3  OROVILLE CA 95965 | OROVILLE CA 95965 |
| 4 | I WRITE FOR WARREN HE CAN'T |
| 5 | READ OR WRITE |
| 6 | CASE No. CM 027429 |

7       SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                    COUNTY OF BUTTE

9   TO THE JUDGE IN THIS COURT Judge J. Reilley

10  EDGAR WARREN WENT TO ARRAIGNMENT PLEAD ON 8-21-07

11  AND THEY TOOK WARRENS FINGERPRINT IN THE COURTROOM

12  BUT THEY NEVER ONCE ASKED WARREN IF HE PLEADS

13  GUILTY OR INNOCENT AND WARREN DOESN'T KNOW IF

14  HIS ATTORNEY LEO BATTLE MADE SOME SORT OF

15  PLEA IN HIS BEHALF BECAUSE WARREN NEVER SIGNED A

16  THING. ALSO THIS JUDGE IN ARRAIGNMENT COURT

17  DENIED WARREN THE RIGHT TO EXERCISE HIS $1^{RST}$ AMENDMENT

18  RIGHT THE FREEDOM OF SPEECH AND THAT AUTOMATICLY

19  FALLS UNDER THE 14TH AMENDMENT THE EQUAL PROTECTION

20  UNDER THE LAW SO. THEREFORE TIME WHEN MOTION MADE

21  AND HEARD ALTHOUGH PEN C 977 PROVIDES THAT THE PEN C

22  995 MOTION MAY BE MADE BEFORE OR AFTER PLEA.

23  DEFENSE COUNSEL MUST MAKE THE MOTION NO LATER

24  THAN 60 CALANDER DAYS FOLLOWING DEFENDANTS ARRAIGN-

25  MENT IN THE TRIAL COURT TO BE ABLE TO SEEK PRETRIAL

26  APPELLATE REVIEW OF THE RULING ON THE MOTION PEN C

27  1510. THEREFORE DEFENSE COUNSEL SHOULD SET THE MOTION

28  WELL WITHIN THE 60 DAY DEADLINE TO AVOID ANY

1 DiFFiculties THE EASyest ApProach is to Select a pen C
2 995 HEARing date within the 60 day limit at the
3 Time CounSel AppeARS with The defendant FoR ARRAing-
4 MenT In the TRiAl CouRT SEE 23.41 on HabeAS CoRpuS
5 pRoceedure following denial of pen C 995 motion
6 A QuesTion nAtuRAly ARises As To wHAt Acts
7 ConsTitute making the motion in (Smith v SupeRioR CouRT
8 (1978) 76 CA 3d, 731, 143 CR 109, The AppellAte CouRt
9 ConsTRude ThAt PhRASe FoR (FoR PEN C 1510 puRposeS) To meAn
10 SomeThing moRe ThAn a Request at ARRAingment to
11 Rescue a 995 THe CouRt NoTed that an motion is an
12 Application To the CoueT FoR an ORdeR [CCP 1003] the
13 applicant must In SomeWAY Comunicate To the CouRt
14 WHAt ORdeR is desiRed and upon WHAt GroundS 76 CA
15 3d at 734. AnotheR ISSue in THiS ConTexT is WHAt
16 ConsTitutes an aRRAingment Penal Code 988 STATES
17 That it ConsiSt of Reading the AccusAtoRy pleAding
18 To the defendant and deliveRing To Him a TRue
19 Copy TheRoF and of the endoRsements TheRon
20 if any including THe list OF witnesses and asking
21 Him wHetheR He pleAds Guilty oR NoT Guilty
22 To the AccusAtoRy pleAding pen C 988 mAkes no
23 RefeRence to the aRual EnTRy oF A pleA by
24 defendant THis in (ChARtuck v municiple couRt (1975)
25 50 CA 3d 112 119 CR 184 Which Found That EntRy oF a pleA
26 WAS an InteaGal pART of aRRAingment at leAST FoR
27 pen C 1382 VAldes v municiple couRt (1977) 69 CA 3d 434, 438,
28 138 CR 50 diStills ChARtuck and Simpson To The obuious

1 | I STATE That the Forgoing iS TRUE by the
2 | PenAlty of PeRTuRy iS TRuE and CORRECT
3 |
4 | Signature  Elgar, Lee Warrens
5 | signature  DeAvon Gordon
6 | DATE      9-17-2007
7 |
8 |
9 |
10 |
11 |
12 |
13 |
14 |
15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

EDGAR LEE WARREN                         DEACON PATRICE GARDON

1   INMATE 137 286                       INMATE 135 704

2   35 County CENTER DR                  35 County CENTER DR

3   OROVILLE CA 95965                    OROVILLE CA 95965

4                                        I WRITE FOR WARREN

5   995 motion                           HE CAN'T READ OR WRITE

6   To Dismiss                           CASE NO Cm027429

7   Judge J. Reilleve

8        ↑        SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      County OF Butte

10  To The Judge IN This COURT Steveven Howell

11  EDGAR LEE WARREN WAS ARRESTED on 7-23-07

12  along with BRENDA SUE BECK WARREN WAS CHARGED

13  With 487(A) a Felony and BECK WAS Not CHARGED

14  With a Felony SHE WAS CHARGED with 148.9(A) 146011(E)

15  11364(A) which are all misDAMENORS However BRENDA

16  BECK and CURTIS BECK WERE in charge OF THE TRUCK

17  THat WARREN and BECK WERE In and THE TRUCK WASN'T in

18  WARRENS NAME and WARREN WAS also THE PASSENGER

19  in the TRUCK and BRENDA SUE BECK WAS Driving

20  THE TRUCK So thereFore WARREN is not legally

21  Responseable For anything THATS WAS in the TRUCK

22  So on these ISSUES alone This is Grounds For a

23  dismissal and NO one TESTIFIED against WARREN

24  In PRELIMINARY HEARING THE only PERSON WHO took

25  THE STAND WAS a CHICAGO SGT WHO TESTIFIED

26  To WHAT Someone ElSE Told Him. WHICH is

27  HEARSAY THERE WASN'T EVEN No EVIDENCE OF

28  NO SOURCE and THEy only Had a PICTURES OF THE TRUCK

1  and WHAt WAS in the TRuck, HoweVeR  THE CHico

2  pd SgT and His officeRs  Called The WOMAN

3  To the Scene To wHere THE TRuck WAS

4  at and THen WARREn HEARd FROm The police

5  CAC The SgT and the officeR FABRicAting

6  To the WOMAN THAT this 3 peices of STEEl

7  in the TRuck IS wORTH $400.00 Dollars oR moRE

8  So THEy Could CHaRge Him With a felony insteAd OF

9  a misDAMENDR but The STEEl in the TRuck IS

10 WORTH NO moRE THAN 5-10 Bucks at the

11 Junk yaRd and no moRE Than 30-40 bucks at

12 The STEEl StoRE and WHEN WARREn went To

13 PreleminaRy HEaRing on 8-8-07 WARREn HAd A

14 MARSDEN on His AttoRney LEo BATtIE WARREn

15 HAd ASKED the AttoRney BAttIE and THE Judge

16 FoR 2 EXpeRtS one FRom THE Junk yaRd and one

17 FRom ThE STEEl StoRE To Come in and TEStiFy

18 To the wORth oF the STEEl which would HAVE

19 PROVEn WHAt WARREn HAd SAid is ConFiRmed and

20 THAt this CASE is a misDAmoNOE, but the chico

21 PD and the pReleminaRy HEARing Judge and

22 THE DA. and LEo BATtIE HAVE Joined FoRces

23 in a ConspiRACy oF FABRicAting in preleminaRy

24 HEaRing THAT This STEEl is wORth 4-5-6-

25 to $700.00 Dollars This is also PReDJudice

26 and descRiminAtion and TowaRd WARRENS

27 CASE. and WARREN WAS bound oVER To SupeRioR

28 CoueT without any EViDence oR witnesses

1  and I would assume That the DA offerd Brenda
2  Sue Beck Immunity on this Case because She was
3  also Givin on OR Release Due To the Circumstances
4  of This Case If there is Any witnesses or Evidence
5  They Should have been on Brenda Beck by Law
6  all the Evidence points Toward Beck and Brenda
7  Becks Testimony is unreliable She was
8  arrested with a Crack pipe and also given
9  prop 36 on this Case but She Has been out
10  in Society Smoking Crack Every Day and This
11  Can Be Confiemed by Our Auntie Ruby (530)
12  894-6296 and also you Could take Her in
13  For a test and Find it in Her System
14  So Therefore Her Testimony is unreliable Now
15  and would be in a Trial by Law, So Therefore
16  We are going to get into The Issue Why
17  Edgar Warren Case Should be dismissed or
18  dropped down to A misdamenore and Hear
19  are Points and Authorities of law that Backs
20  up this motion and Claims up. So Therefore
21  I am asking your Honor That you Take all
22  of this into Very deep Consideration in mak-
23  ing up your decisions. and if anything
24  Warren Should get 6 months County Time with
25  Good Time, However back To The Issue of
26  Leo Battle and The Marsden Hearing Warren
27  Had asked That Leo Battle Be dismissed
28  off his Case I he violated Client Confidentiality

1 by loudTalking MR WARREN in court so That
2 The DA, The Audience and Everyone Else There
3 Could HEAR details and STATAGIES about WARRENS
4 CASE, and He told WARREN He WAS going to do
5 7-25 yrs in Prison and He also asked 3
6 unimportant Questions of the police SGT Which
7 SHows His inefectaly of Counsel and his lack
8 of Seriousness about His hipaceatrcal OATH as a
9 defense Counsel, and WARREN also Gave His attorney
10 CASE LAWS That SHowed this CASE is a misdameanor
11 and He REfused to use them and also WARREN asked
12 Him to make a motion to dismiss This CASE which
13 He neglected To do, He has Shown PREjudice Because
14 WARREN is black and descemination towards His
15 CASE, I'm going To Quote The points of Authorities
16 of law Inadequatecy of Counsel under The 6TH Amendment
17 and WARREN HAS been denied The Equal protection
18 under the Law by his Attorney LEO Battle under
19 The 14Th Amendment of the U.S. Constitution, also
20 LEO Battle saw Fit to dig up WARRENS old Record
21 For The DA, instead of Filing motions To Help
22 WARREN or asking Sucnificant Questions of this
23 unqualified witness, and Telling WARRENS Record
24 To The PRElemenary Hearing Judge To Sway His
25 Judgement against Him ECT, ECT.
26 THE Next EXCERPT SHows That the PROSocution
27 must establish Probable CAUSE beyond a REASonable
28 Probability To introduce a STrong Suspicion in the

1  mind of a man of ordinary Caution or Prudence
2  That a Crime has been Committed and that the
3  defendant is Guilty (CARABELIAN V Superior court (1963
4  59 CAl, 2d, 124, 126, 127. [28 CAl RPTR, 318, 378 P2d 590]
5  (People V Hall Supra 3 Cal 3d At P. 996)
6  Willams V Superior Court (1969) 71 Cal 2d 1144, 1148 - 1149
7  [ CAl, RPTR, 747, 81, CA RPTR 761, 458, P. 2d 987]
8  (Birt V Superior Court of San Joaquin County (1973)
9  3Rd dist) 34 Cal App 3d 934, 937, 110 CA RPTR 326.)
10  Comentary Proposition 115 (CAl Const ART I 30 (b)
11  Provides For The admissability of Hearsay Evidence
12  At A Preliminary Hearing (Penal Code 872(b)) WAS
13  Adopted To 'implement The Constitutional amendment
14  The Statutory Provisions Allows a Qualified Officer
15  5 yrs of Experience or of Certain Specified Training
16  To Relate out of Court Statements of declarants
17  This Section Has been interperated To mean That
18  The officer Not be a mere Reader but must HAVE
19  Saficient Knowledge of the Crime or The Circumstances
20  in which The out of Court Statement WAS made So
21  as to meaningfully assitt THE Magistrate in Assesing
22  THE Reliability of the Statement (Whitman V Superior
23  Court of Santa Clara county (1991) 54 Cal 3d 1063, 1072
24  2, CA RPTR 2d, 160, 820, P2d, 262). THE provision doesn't
25  Authorize Hearsay upon hearsay is inadmissable at A
26  Preliminary Examinaton Even When offered by an otherwise
27  Qualified Investigating Officer (Montez V Superior court
28  1992, 2nd Dist) 4 Cal App 4th, 577, 586.5 CAl RPTR 2d 723)

1. Multiple Level Hearsay is inadmissable At the
2. Preleminary Hearing even When offeed by A
3. Qualified investigating Officer in the seminal
4. Case of Whitman V Superior Court of Santa Clara (1991)
5. 54 Cal 3d 1063, 1074, 1075 2 Cal RPTR 2d 160, 820, P2d
6. 262 The California Supreme Court dealt with the Issues
7. of whether The Testimony of A Reader constituted A
8. Foem of multiple hearsay, Beyond the Authorazation
9. of Preposition 115 The Court Held that to permit
10. a noninvestigating officer Would constitute
11. impermissable Hearsay although proposition 115
12. Creoted an exception to the basic Hearsay
13. Rule Contained in Evidence Code 1200... The
14. Even a qualified officer Cannot Testify To what
15. a witness Stated to another officer The testifi
16. ing officer not having talked to the witness. Had
17. no way of Assesing the Circamstances under
18. Which the Statements Were made and Cannot
19. Describe Those Statements to the magistrate
20. To increase The Reliability of the underlying Evidence
21. Shannon V Superior Court (1992 2nd Dist) 5 Cal App, 4th
22. 1617, 7 Cal RPTR 2d 758.) Hearsay Statements of
23. A Codefendant implicating a Defendant are not
24. Sufficiently Reliable so as to Be admissable
25. in a number of decitions the United States Supreme Court
26. Has Consistantly Refused To admit against a defendant
27. Evidence of an Extrajudicial Statement of A
28. Codefendant That implicates The defendant

1. IN THE Commission of a CRIME THE COURT HAS
2. Repeatedly explained that such STATEMENTS
3. are presumed to be unreliable. Not only are
4. the incriminations devastating to the defendan
5. but their credibility is inevitably suspect...
6. THE unreliability of such EVIDENCE is untolerab
7. Compounded when the Alledged Accomplice as here
8. does not TESTIFY and Cannot be TESTED by cross
9. examination (Bruton V united STATES (1968) 391, US, 123
10. 136, 20, L ED 2d, 476, 88 S. CT. 1620,) subsequent to
11. Bruton THE COURT Sumarized its Concern with
12. THE unreliability of this type of EVIDENCE over THE
13. years since Douglas V Alabama (1965) 380 us 415]
14. THE COURT HAS SPOKEN with one voice in DECLaring
15. presumitivly unreliable accomplices Confessions
16. THat incriminate defendants Our Ruling in
17. Bruton illustrates THE EXTENT OF the COURT'S
18. Concern THat The Admission of this Type of
19. EVIDENCE will destort THE Truth-finding process"
20. (Leev. Tillinois(1986) 476, US, 530, 540, 541, 90L ED 2nd)
21. 514 lo6 S CT. 2056.) Accordingly, EVIDENCE OF
22. A Codefendant's Confession THat implicates The
23. a defendant is presumitivly unreliable and A
24. magistrate's Finding of probable Cause on the
25. basis of Such EVIDENCE would Raise Constitutional
26. Questions That Should be Avoided. Defense Attorney
27. ineffective at Preleminary Hearing under Pen C 995
28. IF DEFENSE Counsel did Not Render Effective Assitance

1. at the PRELEMINAR EXAMination People V Colman
2. (1988) 46, C3d, 749, 773, 251, CR, 83, People V WHite
3. (1981) 118 CA 3d 767, 772, 173, CR 575
4. Clearly a Reviewing Judge Will not Set Aside an informat
5. Based on A motion Not made At preliminary Hearing
6. Penc 1538.5 motion or a motion to discover THE
7. I dentity of an informant See People V Hobcock
8. (1973) 8, C3Rd, 599, 621, 105, CR 540 People V Anderson
9. (1989) 20 CA3Rd, 24, 28, 258, CR, 125 It is unclear
10. Howtver whether an objection must HAVE been
11. made at the time When it is Claimed That the
12. deffendant WAS deprived ot a SubStanEial Right
13. In most Reported Cases defense Counsel either objected
14. or it is unclear From Reading The Case whether
15. Counsel objected it is obviously more likely That A
16. Pen.c. 995 based on Restriction of Cross Examanation
17. Will Succeed if THE defense objected ot the
18. PRELeminarry Hearing Than if Counsel did not on the
19. Other Hand It is Common. For Attoeneys to Attack
20. an information because an Elemont of The offense
21. WAS Not proven ot the preliminary Hearing When
22. an objection WAS not made to the Holding ORdER an
23. objection is nor Required to Present Sufficiently
24. of the Evidence ot Trial as an ISSue on Appeal From
25. A Conviction, an Element of The crime cHarged.
26. Impeached The Testimony of a prosecution Witness
27. or impeach THE Statement of a declarant TESTIFIED
28. TO by A prosecution witness (People V Buckley)

1 (1986) 185, CA3d, 512, 228, CR 329 (no error) in denying
2 defense calling of witnesses whose testimony would
3 have been cummulative and was only for discovery
4 purposes (People v Erwin 1993) 20, CA 4th 1542, 25, CR 2d, 348
5 Penc 995 motion should have been granted after magistrate
6 precluded testimony from defense witness for whom
7 defense counsel had made inadequate offer of proof
8 Review of motion to reduce felony to misdameanor
9 Some crime commonly referred to as wobblers
10 are punishable either as felonies or misdameanors
11 other crimes commonly called straight felonies
12 may only be punished as felonies The magistrate
13 may reduce a wobbler to a misdameanor at the
14 preleminary hearing Even though the prosecutor
15 has charged it as a felony Pen C 17(b)(5) the
16 prosecutor may not circumvent the magistrates
17 ruling by recharging the offense as a felony
18 in the trial court (malone V Superior Court) (1975) 47
19 CA3d, 313, 120, CR 851    No review is available
20 To the prosecution From the magistrate decision
21 under penc 17(b)(5)(1981) 122, CA 3d, 176, 175, CR, 861
22 if the prosecution dismisses the resulting misdameanor
23 it cannot be refiled as a felony without the
24 magistrates consent (malone V superior court) The
25 defendant is denied a substancial right when a
26 magistrate refuse to
27
28

training in
inary hearings.

tly construed
I, 2nd Dist) 3
years'
is through the
sh the crucial
hearsay.

'2(b) to require
fficient
ich the
y assist the
. (Whitman v
1063, 1072, 2

E AT THE
RED BY A
R .

Santa Clara
d 160, 820 P2d
of whether the
hearsay
rt held that to
ses told the
earsay.
he basic
. . . , the

measure did not purport to create a similar exception for the multiple hearsay rule of Evidence Code section 1201."

The court went further to explain the basis of its ruling.

"But substantial additional objections to the reliability of the evidence might arise if multiple hearsay were involved, and the defendant were also deprived of the opportunity to meaningfully cross-examine the testifying officer regarding the circumstances under which the out-of-court statement was made.

"In the present case, for example, on cross-examination, Officer Alexander was unable to answer potentially significant questions regarding the methods and circumstances of Officer Navin's investigation, including the time the report was written, the details of the sobriety test given petitioner. . . ." *(Whitman v Superior Court of Santa Clara County, supra.)*

The appellate court in *Montez v Superior Court* (1992, 2nd Dist) 4 Cal App 4th 577, 586, 5 Cal Rptr 2d 723, concluded:

"Given the foregoing language in *Whitman*, we conclude that multiple level hearsay is inadmissible at a preliminary examination even when offered by an otherwise qualified investigating officer."

Even a qualified officer cannot testify to what a witness stated to another officer. The testifying officer, not having talked to the witness, had no way of assessing the circumstances under which the statements were made and cannot describe those statements to the magistrate to increase the reliability of the underlying evidence. *(Shannon v Superior Court* (1992, 2nd Dist) 5 Cal App 4th 676, 7 Cal Rptr 2d 47; *Tu v Superior Court* (1992, 2nd Dist) 5 Cal App 4th 1617, 7 Cal Rptr 2d 758.)

## IV

### HEARSAY ADMISSIBLE UNDER PENAL CODE § 872(b) MUST MEET A REQUIREMENT OF RELIABILITY

In *Whitman v Superior Court of Santa Clara County* (1991) 54 Cal 3d 1063, 1074, 2 Cal Rptr 2d 160, 820 P2d 262, the Supreme Court established the rule that not all hearsay is admissible at a preliminary examination, despite the broad language of Penal Code § 872(b). In disallowing the admission of multiple hearsay testimony, the court avoided constitutional questions that would have otherwise arisen because of the constitutional requirement of reliability.

"[W]e believe that the latter, more limited, form of hearsay evidence satisfies federal requirements of *reliability* (see *Ohio* v. *Roberts* (1980) 448 U.S. 56, 63-65 [65 L.Ed.2d 597, 605-607, 100 S.Ct. 2531]) and thus properly may be admitted at preliminary hearings despite the defendant's inability to confront and cross-examine the declarant witness or victim." *(Whitman v Superior Court of Santa Clara County* (1991) 54 Cal 3d 1063, 2 Cal Rptr 2d 160, 820 P2d 262.)

The Supreme Court in *Whitman* has therefore recognized that the federal constitutional requirement of reliability must be satisfied by the hearsay evidence that is admitted at a preliminary examination pursuant to Penal Code § 872(b). This constitutional guarantee of reliability "can be inferred without more in a case where the evidence falls within a firmly rooted hearsay exception. In other cases, the evidence must be excluded, at least absent a showing of particularized guarantees of trustworthiness." *(Ohio v Roberts* (1980) 448 US 56, 55, 65 L Ed 2d 597, 100 S Ct 2531.)

While the *Whitman* court does not limit the hearsay admissible at preliminary examinations to "evidence within a firmly rooted hearsay exception," it nevertheless requires that hearsay admitted under Penal Code § 872(b) be reliable. Subsequent cases have also recognized this

214

872(b)
ITY

991) 54 Cal
me Court
preliminary
872(b). In
the court
ise arisen

irsay
e Ohio v.
607, 100.
iminary
nd
na'n v
1063, 2

ted that the
atisfied by
mination
rantee of
he evidence
ses, the
articularized
8 US 56, 55,

missible at
oted hearsay
under Penal
ognized this

requirement of reliability for the admissibility of hearsay under
§ 872(b). In *People v Wimberly* (1992, 2nd Dist) 5 Cal App 4th 439,
445, 6 Cal Rptr 2d 800, the Court of Appeal upheld the admissibility
of statements by a burglary victim hearsay declarant because "as is
common with burglary victims, the magistrate required little if any
assistance to assess the reliability of the victim-statements."

.V

THE HEARSAY STATEMENTS OF A CODEFENDANT
IMPLICATING A DEFENDANT ARE NOT
SUFFICIENTLY RELIABLE SO AS TO BE ADMISSIBLE
UNDER PENAL CODE § 872(b)

In a number of decisions, the United States Supreme Court has
consistently refused to admit against a defendant evidence of an
extrajudicial statement of a codefendant that implicates the
defendant in the commission of a crime. The court has repeatedly
explained that such statements are presumed to be unreliable.

"Not only are the incriminations devastating to the defendant
but their credibility is inevitably suspect. . . . The unreliability
of such evidence is intolerably compounded when the alleged
accomplice, as here, does not testify and cannot be tested by
cross-examination." *(Bruton v United States* (1968) 391 US 123,
136, 20 L Ed 2d 476, 88 S Ct 1620.)

Subsequent to *Bruton*, the court summarized its concern with the
unreliability of this type of evidence.

"Over the years since Douglas [Douglas v Alabama (1965) 380
US 415], the Court has spoken with one voice in declaring
presumptively unreliable accomplices' confessions that
incriminate defendants. . . .

"Our ruling in Bruton illustrates the extent of the Court's
concern that the admission of this type of evidence will distort

the truthfinding process." *(Lee v Illinois* (1986) 476 US 530, 540-541, 90 L Ed 2d 514, 106 S Ct 2056.)

Accordingly, evidence of a codefendant's confession that implicates the defendant is "presumptively unreliable," and a magistrate's finding of probable cause on the basis of such evidence would raise constitutional questions that should be avoided.

---

### Commentary

The last section of these points and authorities is concerned with the admissibility at a preliminary hearing of a codefendant's confession that implicates a defendant. Other situations may arise where the hearsay evidence sought to be admitted by the prosecution may not meet the federal requirements of reliability. Counsel should adapt this part of the points and authorities to such instances.

## VII. TIME AND MANNER OF MAKING MOTION·

### §23.25 A. Setting Motion

. Neither the Penal Code nor the California Rules of Court specifically require notice ·of the Pen C·§995 motion. California Rules of Court· 4.111, however, requires that all pretrial motions in criminal cases be accompanied by points and authorities, and be served and filed 10 calendar days before the date ·set for the hearing. In addition, local rules frequently have express requirements . for written points and authorities and for notice of the motion exceeding 10 calendar days. See, e.g., San Francisco Super Ct R 16.9 (15 calendar days); Alameda Super. Ct R 8.3 (10 court days).

.It is common for defense counsel to announce at defendant's arraignment in the trial court that counsel intends to make a Pen C §995 motion, and to set a date for the hearing on the motion. Defense counsel should inquire about local practice·from local attorneys, or the, court clerk. In Alameda County, for example, defense counsel usually makes an oral request for a·hearing date at defendant's arraignment in the trial court. ·

### §23.26 B. Time When Motion Made and Heard

. Although Pen C §997 provides that the Pen C·§995 motion may be made before or after plea, defense counsel must make the motion no later than 60· calendar ·days following defendant's arraignment in the trial court to be able to seek pretrial appellate review of the ruling on the motion. Pen C §1510. Therefore, defense counsel should set the motion well, within the 60-day deadline to avoid any difficulties. The easiest approach is to select a Pen C §995 hearing date within the 60-day .limit at the time counsel appears with . the defendant for arraignment in the trial court. See §23.41 on habeas corpus procedure following denial of a Pen C §995 motion. .'

. A question naturally arises as to what acts constitute "making the motion." In Smith v Superior Court , (1978) 76 CA3d 731, 143 CR 109, the appellate court construed that phrase (for Pen C §1510 purposes) to mean something more than a request at arraignment "to reserve a 995." The court noted that "[a] motion is an application to the court for an order. [CCP §1003.] The applicant must, in some way, communicate to the court what order is desired and upon what grounds." 76 CA3d at 734.

· Another issue in this context is what constitutes an "arraignment." Penal Code §988 states that it "consists in reading the accusatory pleading to the defendant and delivering to him a true copy thereof, and of the endorsements thereon, if any,' including the list of witnesses, and asking him whether he pleads guilty or not 'guilty to the accusatory pleading." Penal Code §988 makes no reference to the actual entry of a plea by defendant; thus in Chartuck v Municipal Court (1975) 50 CA3d·931, 123 CR 816, a case concerning application of the speedy trial statute, Pen C §1382, the appellate court found that arraignment occurs whether or not defendant enters a plea. This conflicts with Simpson v Municipal Court (1975) 45 CA3d 112, 119 CR 184, which found that entry. of a plea .was an integral part, of arraignment, at least·for Pen C §1382 purposes. ·' Another case that dealt with Pen C §1382, Valdes v Municipal Court (1977) · 69 CA3d 434, 438, 138 CR 50, distills: Chartuck and Simpson to the obvious:

To prevail on a claim that counsel was ineffective, the defendant must show that counsel's performance fell "below an objective standard of reasonableness . . . under prevailing professional norms" and that there is a reasonable probability that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *People v Ledesma* (1987) 43 C3d 171, 216, 218, 233 CR 404, quoting *Strickland v Washington* (1984) 466 US 668, 688, 694, 80 L Ed 2d 674, 104 S Ct 2052.

For further discussion of ineffective assistance of counsel, see §§5.27–5.28, 18.20–18.21.

## §23.24 VI. WHEN OBJECTION REQUIRED AT PRELIMINARY EXAMINATION TO PRESERVE ISSUE

There is little law on when an objection is required at the preliminary examination in order for defense counsel to be able to raise an issue by Pen C §995 motion. To be safe, counsel usually should make all applicable objections. See, *e.g., People v Rosales* (1984) 153 CA3d 353, 200 CR 310 (propriety of admission into evidence of palm print illegally seized held not reviewable by §995 motion, because counsel—even though found to have been ineffective—failed to object.)

Clearly, a reviewing judge will not set aside an information based on a motion not made at the preliminary examination, *e.g.,* a Pen C §1538.5 motion or a motion to discover the identity of an informant. See *People v. Hathcock* (1973) 8 C3d 599, 621, 105 CR 540; *People v Anderson* (1989) 210 CA3d 24, 28, 258 CR 125. It is unclear, however, whether an objection must have been made at the time when it is claimed that the defendant was deprived of a "substantial right."

► **Note:** Statute of limitations issues may be raised by §995 motion without an objection at the preliminary examination. See §14.13.

In most reported cases, defense counsel either objected (see, *e.g., Murphy v Superior Court* (1961) 188 CA2d 185, 10 CR 176), or it is unclear from reading the case whether counsel objected. It is obviously, more likely that a defense Pen C §995 motion based on restriction of cross-examination will succeed if the defense objected at the preliminary examination than if counsel did not. On the other hand, it is common for attorneys to attack an information because an element of the offense was not proven at the preliminary examination when an objection was not made to the holding order. An objection is not required to preserve sufficiency of the evidence at trial as an issue on appeal from a conviction. *Bunnell v Superior Court* (1975) 13 C3d 592, 604, 119 CR 302. The same rule undoubtedly applies when sufficiency of the evidence at the preliminary examination is raised as an issue on a motion under Pen C §995.

Courts may use one standard if an objection was made and another if there was none. See *Reid v Superior Court* (1983) 140 CA3d 624, 629, 189 CR 644, which discusses the two standards used to review a claim of conflict of interest based on representation of codefendants by the same attorney. If the defendant who claims error objected at the preliminary examination, no prejudice need be shown. If the defendant did not object, the defense must prove that an actual conflict of interest existed that adversely affected the lawyer's performance.

• The "second dismissal" was a Pen C §739 refiling in the trial court of the first dismissal by the magistrate at the preliminary examination; and

• A Pen C §995 motion was granted because of the following:

• Present insanity of defendant;

• Lack of counsel after defendant elected to represent himself or herself;

• Ineffective assistance of counsel (note, however, that a Pen C §995 motion brought on the grounds of "ineffective counsel" due to the magistrate's wrongful denial of a continuance is considered *judicial* error and therefore *does* count towards the Pen C §1387 two-dismissal rule (*Brazell v Superior Court* (1986) 187 CA3d 795, 232 CR 246));

• Conflict of interest of defense counsel;

• Violation of time deadlines based on unavailability of defense counsel; or

• Defendant's motion to withdraw a waiver of the preliminary examination.

The following are also exceptions to the two-dismissal rule of Pen C §1387:

• One dismissal was reversed on appeal. CCP §916; *People v Murphy* (1969) 70 C2d 109, 116, 74 CR 65.

• One dismissal was set aside by a motion to reinstate the complaint under Pen C §871.5. *Ramos v Superior Court* (1982) 32 C3d 26, 36, 184 CR 622.

When the defendant is charged with a violent felony as defined in Pen C §667.5(c), the prosecution is given a third opportunity to file the charges when one of the previous dismissals was caused by "excusable neglect." Pen C §1387.1(a). Excusable neglect in this context "includes, but is not limited to, error on the part of the court, prosecution, law enforcement agency, or witnesses." Pen C §1387.1(b). See, *e.g., People v Massey* (2000) 79 CA4th 204, 211, 93 CR2d 890 (reasonable efforts to locate and secure attendance of witnesses constitute "excusable neglect"). This exception does not apply when the conduct of the prosecution "amounted to 'bad faith.'" Pen C §1387.1(a).

Defense counsel may challenge the improper recharging of a felony (or misdemeanor charged in conjunction with a felony) under Pen C §1387 by moving to dismiss the complaint at the preliminary examination. See *Miller v Superior Court* (2002) 101 CA4th 728, 124 CR2d 591 (discussing procedures for motion). If the magistrate denies the motion to dismiss, defense counsel may challenge that ruling by moving to dismiss the information under Pen C §995. See *Ramos v Superior Court, supra; Miller v Superior Court, supra.*

The defendant may also seek relief through a petition for writ of habeas corpus. See *In re Begerow* (1902) 136 C 293, 68 P 773.

See also §26.44.

## IX. REVIEW UNDER PEN C §871.5

### §23.32.    A. When Pen C §871.5 Motion Is Available

A prosecutor may challenge a magistrate's dismissal of a complaint, count, or special circumstances allegation under Pen C §§859b, 861, 871, 1008, 1381, 1381.5, 1387, or 1389, or Veh C §41403, by noticing a motion in the trial court to compel the magistrate to reinstate the complaint, or the portion that was dismissed, and to reinstate the defendant's custodial status. Pen C §871.5(a);

negate an element of the crime charged; impeach the testimony of a prosecution witness; or impeach the statement of a declarant testified to by a prosecution witness. See *People v Buckley* (1986) 185 CA3d 512, 228 CR 329 (no error in denying defense calling of witnesses whose testimony would have been cumulative and was only for discovery purposes); *People v Erwin* (1993) 20 CA4th 1542, 25 CR2d 348 (Pen C §995 motion should have been granted after magistrate precluded testimony from defense witness for whom defense counsel had made adequate offer of proof).

▶ Note: Under Pen C §872(b), the defendant has the right to call a police officer to testify to hearsay that is *favorable* to the defense, such as the defendant's exculpatory statement. *Nienhouse v Superior Court* (1996) 42 CA4th 83, 49 CR2d 573.

### §23.15     5. Defendant Was Mentally Incompetent at Preliminary Examination

The defendant has the due process right to be mentally competent at the time of the preliminary examination. *Hale v Superior Court* (1975) 15 C3d 221, 228, 124 CR 57. If the defendant is found mentally incompetent in Pen C §1368 proceedings that began shortly after the information was filed, a motion under Pen C §995 lies to set aside the information on the ground that the defendant was denied a substantial right. *Miller v Superior Court* (1978) 81 CA3d 132, 134, 146 CR 253; *Chambers v Municipal Court* (1974) 43 CA3d 809, 118 CR 120. But see *Booth v Superior Court* (1997) 57 CA4th 91, 66 CR2d 758 (incompetence must appear on face of record of preliminary examination). Even a defendant found mentally competent in such proceedings may base a motion under Pen C §995 on alleged mental incompetence at the time of the preliminary examination; in such a case, the defendant is entitled to an evidentiary hearing on the issue. *Bayramoglu v Superior Court* (1981) 124 CA3d 718, 176 CR 487. In *People v Duncan* (2000) 78 CA4th 765, 93 CR2d 173, the court held that a defendant found incompetent months after the preliminary hearing could bring the issue of his competence at the time of the preliminary examination before the court by filing a nonstatutory motion to dismiss.

### §23.16     6. Review of Motion to Reduce Felony to Misdemeanor

Some crimes, commonly referred to as "wobblers," are punishable either as felonies or as misdemeanors. Other crimes, commonly called "straight" felonies, may only be punished as felonies. The magistrate may reduce a wobbler to a misdemeanor at the preliminary examination even though the prosecutor has charged it as a felony. Pen C §17(b)(5). The prosecutor may not circumvent the magistrate's ruling by recharging the offense as a felony in the trial court. *Malone v Superior Court* (1975) 47 CA3d 313, 120 CR 851. No review is available to the prosecution from the magistrate's decision under Pen C §17(b)(5) to reduce a wobbler to a misdemeanor. See *People v Municipal Court (Kong)* (1981) 122 CA3d 176, 175 CR 861. If the prosecution dismisses the resulting misdemeanor, it cannot be refiled as a felony without the magistrate's consent. See *Malone v Superior Court, supra.*

The defendant is denied a substantial right when a magistrate refuses to

hearing. *Correa v Superior Court* (2002) 27 C4th 444, 117 CR2d 27. A companion case to *Correa*, *Valero v Superior Court* (review granted Jan. 24, 2001, S093477; superseded opinion at 2001 Daily Journal DAR 932) has not yet been decided by the supreme court.

Cross-examination may be for the purpose of raising an affirmative defense (*Jennings v Superior Court* (1967) 66 C2d 867, 59 CR 440), negating an element of the offense (*Jennings v Superior Court*, *supra*), or impeaching a witness (*Alford v Superior Court* (1972) 29 CA3d 724, 728, 105 CR 713, 715). Cross-examination for purposes of discovery is not permitted. Pen C §866(b).

### §22.13    G. Right To Present Defense Witnesses and Affirmative Defenses

Although the defense has the right to call witnesses, the prosecution has the right to demand that the magistrate require an offer of proof from defense counsel before permitting any defense witness to testify. Pen C §866(a). The magistrate may not allow the defense to call a witness to testify unless the magistrate is satisfied that the testimony, if believed, "would be reasonably likely to establish an affirmative defense, negate an element of a crime charged, or impeach the testimony of a prosecution witness or the statement of a declarant. ..." Pen C §866(a). For example, the defense can raise discriminatory enforcement (*People v Hertz* (1980) 103 CA3d 770, 163 CR 233), entrapment (*Jennings v Superior Court* (1967) 66 C2d 867, 59 CR 440; *People v Iocca* (1974) 37 CA3d 73, 112 CR 102), or show that the prosecution is barred by the statute of limitations (see *Parnell v Superior Court* (1981) 119 CA3d 392, 173 CR 906). See the list of affirmative defenses in §32.9. Defense counsel should make as complete an offer of proof as possible to the magistrate regarding any expected testimony. *People v Eid* (1994) 31 CA4th 114, 36 CR2d 835.

It is unclear whether defendants can be kept from testifying under Pen C §866(a). Compare the wording of §866(a), which appears to apply to defendants, with *People v Robles* (1970) 2 C3d 205, 85 CR 166, which gives defendants the absolute right to testify at the preliminary hearing. It is unusual, however, for a defendant to testify or to put on a defense because it would provide the prosecution with discovery; even if the defendant is not held to answer, the prosecution can usually refile. See §22.44 on the effect of a dismissal.

▶ **Note:** The defense has a right to present exculpatory hearsay evidence through a qualified officer under Pen C §872(b). *Nienhouse v Superior Court* (1996) 42 CA4th 83, 49 CR2d 573.

### §22.14    H. Right to Freedom From Shackles

A defendant may not be shackled during a preliminary hearing absent some showing of need, and summary denial of a motion to be unshackled implies an abuse of discretion. The issue is not cognizable on appeal following conviction; it should be raised by a Pen C §995 motion and followed by a writ petition if the motion is denied. *People v Fierro* (1991) 1 C4th 173, 3 CR2d 426.

ings, including the preliminary hearing. If the magistrate erroneously denies the defendant this right, the error must be raised in a Pen C §995 motion or that issue is not cognizable on appeal. *People v Matthews* (1986) 183 CA3d 458, 228 CR 316.

Although denial of the effective assistance of counsel at the preliminary hearing renders the commitment unlawful and subject to challenge, the defendant must show prejudice if the challenge occurs on appeal after conviction. *People v Coleman* (1988) 46 C3d 749, 251 CR 83 (defendant's §995 motion on that issue had been denied). For that reason, new defense counsel should challenge preliminary hearing errors by prior counsel by a petition for writ of prohibition, and not wait until appeal following conviction.

For further discussion of the right to counsel, see chap 5.

### §22.8      B. Right to Interpreter

A defendant who cannot understand English has the right to a court-provided interpreter at the preliminary hearing and co-defendants are entitled to separate interpreters. Cal Const art I, §14. See *People v Rodriguez* (1986) 42 C3d 1005, 232 CR 132.

### §22.9      C. Defendant's Right To Be Present

A defendant has a right to be personally present at the preliminary hearing (Pen C §1043.5(a)), and must be present to be identified, although the magistrate may permit a temporary absence while an eyewitness testifies if no line-up was previously conducted. *People v Green* (1979) 95 CA3d 991, 1003, 157 CR 520, 527; see Pen C §§977(b), 1043.5(a).

The court may continue to hold the preliminary hearing without the defendant if the defendant appeared at the beginning of the hearing, then voluntarily failed to return (in a noncapital case), or was so disruptive that he or she had to be removed from the courtroom after having been warned. Pen C §1043.5(b)(1). A defendant may regain the right by showing willingness to behave properly. Pen C §1043.5(c). See *People v Sully* (1991) 53 C3d 1195, 1239, 283 CR 144.

### §22.10      D. Right to Discovery

The prosecution is constitutionally required to turn over all exculpatory evidence and all evidence relevant to guilt or punishment independently of any demand. *Brady v Maryland* (1963) 373 US 83, 10 L Ed 2d 215, 83 S Ct 1194; *U.S. v Bagley* (1985) 473 US 667, 87 L Ed 2d 481, 105 S Ct 3375; *In re Brown* (1998) 17 C4th 873, 879, 72 CR2d 698; *Izazaga v Superior Court* (1991) 54 C3d 356, 285 CR 231. Otherwise, there is no statutory requirement that discovery be provided by either party before the preliminary hearing unless the hearing is held more than 15 days after the discovery request. This is because under the language of Pen C §1054.5(b), a party is not under an obligation to turn over any material at all until 15 calendar days after the opponent makes an "informal request" for discovery. See *People v Superior Court* (Sturm) (1992) 9 CA4th 172, 11 CR2d 652 (finding Pen C §1054.5(b) constitutional). Many

§ 1115    CRIMINAL PROCEDURE    606

**§ 1115.  Discharge of jury for want of jurisdiction in county; commitment or bail of defendant pending warrant from proper county; transmission of papers to district attorney of proper county; sentence**

If the offense was committed within the exclusive jurisdiction of another county of this State, the Court must direct the defendant to be committed for such time as it deems reasonable, to await a warrant from the proper county for his arrest; or if the offense is a misdemeanor only, it may admit him to bail in an undertaking, with sufficient sureties, that he will, within such time as the Court may appoint, render himself amenable to a warrant for his arrest from the proper county; and, if not sooner arrested thereon, will attend at the office of the Sheriff of the county where the trial was had, at a certain time particularly specified in the undertaking, to surrender himself upon the warrant, if issued, or that his bail will forfeit such sum as the Court may fix, to be mentioned in the undertaking; and the Clerk must forthwith transmit a certified copy of the indictment or information, and of all the papers filed in the action, to the District Attorney of the proper county, the expense of which transmission is chargeable to that county.   *(Enacted 1872. Amended by Code Am. 1880, c. 47, p. 22, § 73.)*

**Cross References**

Arrest made in county other than where warrant was issued, see Penal Code §§ 821, 822.
Change of venue, see Penal Code § 1033 et seq.
Complaint filed in county not having jurisdiction, see Penal Code § 827.
Misdemeanors, definition and penalties, see Penal Code §§ 17, 19 and 19.2.
Preliminary examination and commitment, see Penal Code § 858 et seq.

**§ 1116.  Discharge of jury for want of jurisdiction in county; discharge of defendant not arrested on warrant from proper county; proceedings on arrest**

If the defendant is not arrested on a warrant from the proper county, as provided in section 1115, he must be discharged from custody, or his bail in the action is exonerated, or money deposited instead of bail must be refunded to him or to the person or persons found by the court to have deposited said money on behalf of said defendant, as the case may be, and the sureties in the undertaking, as mentioned in that section, must be discharged.  If he is arrested, the same proceedings must be had thereon as upon the arrest of a defendant in another county on a warrant of arrest issued by a magistrate.   *(Enacted 1872. Amended by Stats. 1935, c. 657, p. 1814, § 3.)*

**Cross References**

Complaint filed in county not having jurisdiction, see Penal Code § 827.
Exoneration of bail, see Penal Code § 1300 et seq.
Issuance of warrant of arrest, see Penal Code § 813.

**Research References**

4 Witkin Cal. Crim. L. 3d Pretrial Proceedings § 96, Termination in Defendant's Favor.

**§ 1117.  Discharge of jury for want of facts constituting offense; discharge of defendant and exoneration of bail; resubmission for new indictment or information; examination before magistrate**

If the jury is discharged because the facts as charged do not constitute an offense punishable by law, the court must order that the defendant, if in custody, be discharged; or if admitted to bail, that his bail be exonerated; or, if he has deposited money or if money has been deposited by another or others instead of bail for his appearance, that the money be refunded to him or to the person or persons found by the court to have deposited said money on behalf of said defendant, unless in its opinion a new indictment or information can be framed upon which the defendant can be legally convicted, in which case it may direct the district attorney to file a new information, or (if the defendant has not been committed by a magistrate) direct that

the case be submitted to the same or another grand jury; and the same proceedings must be had thereon as are prescribed in section 998; provided, that after such order or submission the defendant may be examined before a magistrate, and discharged or committed by him as in other cases.   *(Enacted 1872. Amended by Code Am. 1880, c. 47, p. 23, § 74; Stats. 1935, c. 657, p. 1814, § 4.)*

**Cross References**

Discharge of accused on preliminary hearing, see Penal Code § 871.
Exoneration of bail, see Penal Code § 1300 et seq.
Resubmission after setting aside indictment, see Penal Code § 997.
Retrial after discharge of jury, see Penal Code § 1141.

**Research References**

6 Witkin Cal. Crim. L. 3d Criminal Judgment § 87, Verdict of Acquittal.
5 Witkin Cal. Crim. L. 3d Criminal Trial § 285, (S 285) Delay in Filing Information.
4 Witkin Cal. Crim. L. 3d Pretrial Proceedings § 96, Termination in Defendant's Favor.

**§ 1118.  Trial by court without jury; entry of judgment of acquittal upon not guilty finding**

In a case tried by the court without a jury, a jury having been waived, the court on motion of the defendant or on its own motion shall order the entry of a judgment of acquittal of one or more of the offenses charged in the accusatory pleading after the evidence of the prosecution has been closed if the court, upon weighing the evidence then before it, finds the defendant not guilty of such offense or offenses.  If such a motion for judgment of acquittal at the close of the evidence offered by the prosecution is not granted, the defendant may offer evidence without first having reserved that right.   *(Added by Stats. 1967, c. 256, p. 1406, § 2.)*

**Cross References**

Arrest of judgment, discharge of defendant, see Penal Code § 1188.
Conviction or acquittal,
    As bar to second prosecution, see Penal Code § 687.
    Former acquittal not on merits, see Penal Code § 1021.
    Former acquittal on merits, see Penal Code § 1022.
    In another county, see Penal Code § 794.
    In another state or country, see Penal Code § 793.
Judgment on plea of not guilty or on plea of former conviction or acquittal, see Penal Code § 1155.
Malicious prosecution, order for complainant to pay costs on acquittal of defendant, see Penal Code § 1447.

**Research References**

6 Witkin Cal. Crim. L. 3d Criminal Appeal § 69, in Superior Court.
6 Witkin Cal. Crim. L. 3d Criminal Appeal § 73, (S 73) Miscellaneous Nonappealable Orders.
5 Witkin Cal. Crim. L. 3d Criminal Trial § 562, (S 562) Development of Law.
5 Witkin Cal. Crim. L. 3d Criminal Trial § 563, (S 563) Procedure.
5 Witkin Cal. Crim. L. 3d Criminal Trial § 564, (S 564) Grounds and Determination.
3 Witkin Cal. Crim. L. 3d Punishment § 333, (S 333) in General.

**§ 1118.1.  Trial by jury; entry of judgment of acquittal for insufficient evidence**

In a case tried before a jury, the court on motion of the defendant or on its own motion, at the close of the evidence on either side and before the case is submitted to the jury for decision, shall order the entry of a judgment of acquittal of one or more of the offenses charged in the accusatory pleading if the evidence then before the court is insufficient to sustain a conviction of such offense or offenses on appeal.  If such a motion for judgment of acquittal at the close of the evidence offered by the prosecution is not granted, the defendant may offer evidence without first having reserved that right.   *(Added by Stats. 1967, c. 256, p. 1406, § 3.)*

**Cross References**

Acquittal as basis for discharge, see Penal Code § 1165.

cars to other markets manifested an intent to permanently deprive markets of their property in violation of this section. People v. Sze (App. 2 Dist. 1991) 91 Cal.Rptr. 651, 1 Cal.App.3d 1st. Larceny ⊂= 18

In considering intent to defraud, nonperformance of promise is a circumstance to be considered with all others in deciding whether the intent to perform was absent at time of making promise. People v. Gibson (App. 3 Dist. 1969) 79 Cal.Rptr. 693, 275 Cal.App.2d 198. False Pretenses ⊂= 5

Where defendant used false identification on rent automobile for two days, and 13 hours after renting it was arrested and prosecuted for grand theft, it was necessary that the intent to steal be established by proof of the circumstances and facts at time of rental with the use of false identification. People v. Tatter (App. 2 Dist. 1964) 37 Cal.Rptr. 263, 226 Cal.App.2d 440. Larceny ⊂= 41

Requisite intent to commit grand theft or petit larceny and concerned action between defendant and alleged accomplice could be proved by circumstantial evidence. People v. Moore (App. 4 Dist. 1963) 34 Cal.Rptr. 184, 224 Cal.App.2d 20. Larceny ⊂= 55. Larceny ⊂= 57

In prosecution for attempted grand theft from the person by attempting to remove items from men's pockets, evidence that defendant touched clasp of a woman's purse was admissible as tending to show defendant's intent as it related to the acts allegedly directed against the men. People v. Tenney (App. 2 Dist. 1963) 35 Cal.Rptr. 870, 223 Cal.App.2d 455. Criminal Law ⊂= 371(2)

Intent to defraud, requisite to conviction of grand theft by means of false representations, is question of fact to be determined from all facts and circumstances of the case, it may be inferred circumstantially. Pern v. Superior Court of Los Angeles County (1962) 19 Cal.Rptr. 1, 57 Cal.2d 276, 368 P.2d 529. False Pretenses ⊂= 51

Proof of an intent to steal another's property may consist of reasonable inferences drawn from affirmatively established facts. People v. Morton (App. 2 Dist. 1961) 12 Cal.Rptr. 817, 191 Cal.App.2d 744. Larceny ⊂= 57

In prosecution for employee's embezzlement on checks and money order and grand theft, other checks not referred to in information were admissible in evidence to establish intent and show a general scheme to embezzle employer's money. People v. McAffery (App. 1 Dist. 1960) 6 Cal.Rptr. 333, 182 Cal.App.2d 486. Criminal Law ⊂= 371(2). Criminal Law ⊂= 372(9)

───────── 76376 ─────────

**7. — Sufficiency of evidence; intent**

Defense counsel was not ineffective for failing to present a defense that physician lacked specific intent with respect to counsel preparing a fraudulent insurance claim, presenting a fraudulent insurance claim, and grand theft, where physician billed for his services at delivery of infants without being present. Khaim v. State of Cal. C.D./Cal.1995, 2011 1 Supp. 1298. Criminal Law ⊂= 641.13(2.1)

Defendant that single intent of stealing merchandise from electronics store during incident in which he was stopped by security employees, and then placing merchandise was retained and he was given final chance to pay for or return merchandise, he attempted to shoplift and place grand theft, on parking lot by loss prevention agent, whom he then attacked, and thus, could not be convicted of both second degree robbery and grand theft; assault occurred during indivisible course of conduct, even though there was pause after property was taken by employees. People v. LaSalle (App. 2 Dist. 1999) 85 Cal.Rptr.2d 835, 72 Cal.App.4th 1396, review denied. Criminal Law ⊂= 29(11)

Evidence sustained finding of employee's larcenous or fraudulent intent, as required for convictions for burglary, receiving access card intending to defraud, acquiring access card information with intent to defraud, forgery of access card, and attempted grand theft; defendant gave highly suspicious explanation for his attempt to make purchases at store with counterfeit credit card bearing his name but with account information from valid card, and defendant left store when it appeared there might be a problem with the card's acceptance, making it reasonable to conclude he knew the card was counterfeit. People v. Smith (App. 4 Dist. 1998) 76 Cal.Rptr.2d 75, 64 Cal.App.4th 1458, review denied. Burglary ⊂= 41(3). Forgery ⊂= 44(1). Larceny ⊂= 57. Receiving Stolen Goods ⊂= 8(3)

───────── 76377 ─────────

Evidence showed that merchandise buyer's failure to keep promise to place proceeds from resale in checking account was not merely commercial detail and that conviction could have been sustained upon proper charge under statute defining grand theft; there was evidence that buyer intended to cover checks only if sufficient funds were realized upon resale of merchandise. People v. Wolfe (App. 6 Dist. 1991) 1 Cal.Rptr.2d 490, 235 Cal.App.3d 645. False Pretenses ⊂= 49(4)

Evidence was sufficient to prove that minor had formed criminal intent requisite for accomplice liability to charge of grand theft from the person, juvenile court could reasonably infer from the evidence that minor was aware of principal's criminal act and specifically intended to aid and principal's criminal design. In re George B. (App. 3 Dist. 1991) 279 Cal.Rptr. 388, 228 Cal.App.3d 1488, modified, review denied. Larceny ⊂= 176

Finding that grand theft defendant intended to steal victims' money was sufficiently supported by evidence defendant's offer to sell cars to

───────── ─────────

victim was total sham from its inception. People v. Lewis (App. 2 Dist. 1986) 230 Cal.Rptr. 115, 185 Cal.App.3d 923, review denied. Larceny ⊂= 57

Fact that some books introduced into evidence at defendant's trial for grand theft in taking property, i.e. library books were not overdue from library did not mean there was not sufficient evidence of intent to criminally deprive library of those books. People v. Cohen (App. 2 Dist. 1975) 119 Cal.Rptr. 556, 591 Cal.App.241, certiorari denied 97 S.Ct. 718, 429 U.S. 1045, 50 L.Ed.2d 758. Larceny ⊂= 57

There was substantial evidence in prosecution for grand theft of property having value in excess of $200 to warrant conclusion that, at time defendant obtained money from his brokerage firm by writing check which he knew was not going to be honored, he intended to defraud firm and that subsequent segregation of money and subsequent alleged intent to repay, even if true, were at best afterthoughts. People v. Solver (App. 2 Dist. 1973) 121 Cal.Rptr. 153, 47 Cal.App.3d 923. False Pretenses ⊂= 49(2)

Acts of defendant in charging automobile's identification numbers, license plates and painting automobile a different color, in absence of some explanation, would justify inference that he intended to convert automobile to his own permanent use or at least that owner would be deprived of automobile permanently. People v. Parnet (App. 2 Dist. 1969) 78 Cal.Rptr. 512, 273 Cal.App.2d 215. Larceny ⊂= 63

───────── 76378 ─────────

Evidence, including evidence that machine claimed by defendant to be capable of diagnosing and treating anything could not in fact be used to diagnose or treat any pathology, and of defendant's holding herself out as professionally qualified to treat and diagnose illnesses, supported finding that defendant had fraudulent intent which is element of attempted grand theft. People v. Chalfield (App. 2 Dist. 1969) 77 Cal.Rptr. 118, 272 Cal.App.2d 141, certiorari denied 91 S.Ct. 1629, 402 U.S. 951, 29 L.Ed.2d 121, rehearing denied 92 S.Ct. 32, 404 U.S. 877, 30 L.Ed.2d 124. False Pretenses ⊂= 49(2)

Evidence in grand theft prosecution of defendant who obtained money from complainant under representations that money would be used to purchase letters of credit to be used in business deal was sufficient to establish defendant's fraudulent intent. People v. Kazan (App. 1 Dist. 1968) 70 Cal.Rptr. 732, 264 Cal.App.2d 646, certiorari denied 89 S.Ct. 1027, 394 U.S. 911, 22 L.Ed.2d 224. False Pretenses ⊂= 49(2)

Evidence that defendant intended to pick pockets of this would-be victim established necessary element of intent to sustain a conviction for attempted grand theft from the person. People v. Tsunga (App. 2 Dist. 1963) 34 Cal.Rptr. 899, 223 Cal.App.2d 455. Larceny ⊂= 66

In prosecution for grand theft of checkers, evidence did no show defendant's intention to stop payment on check at time it was given in payment of checkers. People v. Robertson (App. 1931) 117 Cal.App. 1, 3 P.2d 336. Larceny ⊂= 57

**8. Value**

Written contractual obligation to pay in excess of $200 is property of value in excess of $200 as contemplated by definition of grand theft. People v. Parker (1963) 63 Cal.Rptr. 412, 255 Cal.App.2d 664. Buck v. Superior Court (1965) 42 Cal.Rptr. 537, 232 Cal.App.2d 153, certiorari denied 86 S.Ct. 77, 382 U.S. 834, 15 L.Ed.2d 77.

The value of stolen articles for purpose of establishing a felony charge is fair market value and not value to any particular individual. People v. Lozanga (1954) 264 P.2d 453, 122 Cal.App.2d 216. People v. Latham (1941) 110 P.2d 1049, 43 Cal.App.2d 35.

Absent contrary evidence, price charged by retail store is sufficient to establish value of merchandise in a prosecution for grand theft. People v. Brown (App. 2 Dist. 1982) 188 Cal.Rptr. 324, 138 Cal.App.3d 832. Larceny ⊂= 59

In determining value of property stolen to ascertain whether defendant committed offense of grand theft, "fair market price" was highest price obtainable from willing buyer by willing seller, neither of whom was forced to act. People v. Pena (App. 1 Dist. 1977) 135 Cal.Rptr. 602, 68 Cal.App.3d 100. Larceny ⊂= 23

Value

description of ring was as to its setting and weight, and nothing was shown as to color of diamond, its character as a stone, its cutting, or any of its possible imperfections. People v. Licata (App. 2 Dist. 1929) 99 Cal.App. 321, 278 P. 454

Where defendant, with his confederates, feloniously obtained goods amounting in value to more than the sum fixed for grand larceny, he was guilty of grand larceny, even though the goods found upon his premises did not amount to more than that sum. People v. Ratchke (1887) 73 Cal. 378, 15 P. 13. Larceny ⟨◇ 23

Fact that defendant took one suit priced at $195 and another suit priced at $185 did not mean that he was guilty of petty, rather than grand, theft, since value of the suits was to be aggregated for purpose of determining degree of the offense, in that they were both taken at the same time. People v. Gray (App. 2 Dist. 1976) 135 Cal.Rptr. 250, 65 Cal.App.3d 220. Larceny ⟨◇ 23

Amount of money received by defendant, and not ultimate loss to victim, was determinative of degree of theft charged against automobile dealer who allegedly sold vehicles on which mileage shown by odometers had been reduced. People v. Ross (App. 2 Dist. 1972) 100 Cal.Rptr. 703, 25 Cal.App.3d 190. False Pretenses ⟨◇ 20.5

Defendants were not entitled to offset actual value of spurious animal used to accomplish fraud against sum obtained from victims to reduce crime to petty theft. People v. Hess (App. 4 Dist. 1970) 79 Cal.Rptr. 268, 10 Cal.App.3d 1071. False Pretenses ⟨◇ 20.5

Owner, in prosecution for grand theft, was qualified to testify as to value of his tools which had been taken from trunk of his automobile where owner was automobile mechanic, tools involved were the kind of tools used by mechanics in repairing automobiles, and owner had paid $600 for some of the tools approximately 5 months prior to their theft and had not finished making payment on the rest of the tools. People v. Coleman (App. 2 Dist. 1963) 35 Cal.Rptr. 141, 222 Cal.App.2d 358. certiorari denied 84 S.Ct. 1341, 377 U.S. 937, 12 L.Ed.2d 300. Criminal Law ⟨◇ 452(1)

Market value of property stolen, is not dependent alone on wholesale or cost price. People v. Williams (App. 1959) 169 Cal.App.2d 400, 337 P.2d 134. Larceny ⟨◇ 6

Where check to employer appeared on deposit slip for September 7, 1955, in employer's handwriting, it could be included in determining whether employee embezzled jurisdictional amount sufficient to make him guilty of grand theft under amendment effective September 7, 1955. People v. Batwin (App. 1957) 151 Cal.App.2d 919, 312 P.2d 328. Embezzlement ⟨◇ 22

In prosecution for grand theft of a fur piece taken by defendant from store, evidence, which revealed that furrier of 25 years' experience and neighbor experienced furrier estimated fair market value of piece at from $235 to $250 plus tax and estimated wholesale price at from $120 to $165, was sufficient to sustain implied finding that value of property exceeded $200. People v. Loomis (App. 1 Dist. 1954) 121 Cal.App.2d 436, 264 P.2d 953. Larceny ⟨◇ 59

---------------------- 76380 ----------------------

It is sufficient, for determination of issue whether a defendant is guilty of grand or petty theft, if fair market value is established by expert testimony. People v. Lizarraga (App. 1 Dist. 1954) 122 Cal.App.2d 436, 264 P.2d 953. Criminal Law ⟨◇ 494

In prosecution for grand theft accomplished by obtaining $300 in money as a purported loan, by means of false representations, it was not necessary to prove specifically that the loan of $300 "in money" was actually worth that sum, nor was it necessary to prove that it was paid in coin or currency or what the denomination of the separate pieces of money were. People v. Alba (App. 3 Dist. 1941) 46 Cal.App.2d 859, 117 P.2d 63. False Pretenses ⟨◇ 38

In trial of attorney for grand theft of client's corporation stock, pledged by defendant with bank as additional security for his own indebtedness thereto, prosecution was bound to prove only that such stock had reasonable and fair market value exceeding $200. People v. Lenahan (App. 1 Dist. 1940) 38 Cal.App.2d 39, 100 P.2d 515. Larceny ⟨◇ 41

The general rule that owner of property may testify regarding its value applies where value of shares of capital stock is in issue on trial for grand theft. People v. Lenahan (App. 1 Dist. 1940) 38 Cal.App.2d 39, 100 P.2d 515. Criminal Law ⟨◇ 452(1)

In determining degree of larceny if stolen property is immediately taken for sale to a town so near the place from which it is stolen that it is reasonably probable the market value would be the same in both localities, and there is no evidence to the contrary, the price for which property having a stable value is sold may be deemed to be the market value thereof at the place of theft. People v. Sidewar (App. 3 Dist. 1938) 29 Cal.App.2d 361, 84 P.2d 545. Larceny ⟨◇ 41

In grand theft prosecution for stealing gold ore from a mine, which ore was sold in a town about 30 miles from mine for over $2,000, evidence supported finding that ore was worth more than $200 at the place where it was stolen, and therefore constituted a grand theft. People v. Sidewar (App. 3 Dist. 1938) 29 Cal.App.2d 361, 84 P.2d 545. Larceny ⟨◇ 59

Broker, applying to his own use money paid by customer in installments aggregating over $200 on price of stock never purchased by broker, was guilty of grand theft, though no payment amounted to more than such sum. People v. Fleming (1934) 220 Cal.601, 32 P.2d 593. Embezzlement ⟨◇ 22

---------------------- 76381 ----------------------

Uncorroborated statement by owner that value of chickens taken was $1.25 in that vicinity was insufficient to fix value where taken. People v. Robinson (App. 1931) 117 Cal.App. 1, 3 P.2d 936. Larceny ⟨◇ 59

Value of stolen property should be fixed at time and place taken, or if there be no market value there, at place similarly located. People v. Cuni (App. 4 Dist. 1930) 104 Cal.App. 596, 286 P. 459. Larceny ⟨◇ 23

Evidence relative to value of stolen diamond ring, was insufficient to sustain conviction for grand theft, where the only evidence relating to